George CATHEY, M.D. and Wood County Central Hospital, Petitioners

v.

Jerry BOOTH and Glenda Booth, Respondents.

No. 95–0398.

Supreme Court of Texas.

June 22, 1995.

Michael E. Starr, Douglas R. McSwane, Jr., Tyler, Monte F. James, and J. Kevin Oncken, Austin, for petitioners.

David B. Griffith and Robert D. Bennett, Gilmer, for respondents.

ON APPLICATION FOR WRIT OF ERROR TO
THE COURT OF APPEALS FOR THE
SIXTH DISTRICT OF TEXAS

PER CURIAM.

The Texas Tort Claims Act requires a claimant to provide a governmental unit with formal, written notice of a claim against it within six months of the incident giving rise to the claim; however, the formal notice requirements do not apply if the governmental unit has actual notice of the claim. TEX.CIV.PRAC. & REM.CODE § 101.101. In this cause, we consider whether a hospital may receive actual notice of a claim against it from its own medical records. We conclude that, for a hospital to have actual notice, it must have knowledge of (1) a death or injury; (2) its alleged fault producing or contributing to the death or injury; and (3) the identity of the parties involved. Because the records at issue in this case do not convey to the hospital its possible culpability, we reverse the judgment of the court of appeals as to any remaining claims against Wood County Central Hospital and render judgment that the Booths take nothing from the Hospital.

Glenda Booth was admitted to Wood County Central Hospital with labor pains on August 1, 1990, following a course of prenatal care by Dr. George Cathey. Glenda and Jerry Booth's child was delivered stillborn on that day.

The Booths sued Dr. Cathey and the Hospital, alleging that their negligence resulted in the stillbirth of the Booths' child and in physical pain and mental anguish to the Booths. The Booths allege that the doctor

and the Hospital were negligent in failing to diagnose and treat Glenda Booth's condition as a high risk pregnancy and in failing to diagnose and treat Glenda Booth for gestational diabetes.

The trial court granted summary judgment in favor of Dr. Cathey and the Hospital on all claims. The court of appeals affirmed as to the Booths' claims for the mental anguish that they suffered as a result of the negligent treatment of the fetus. Otherwise, the court of appeals reversed and remanded for a new trial. 893 S.W.2d 715, 720.

To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action or who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Section 101.101(c) of the Tort Claims Act provides that the formal notice requirements of section 101.101(a) "do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." TEX.CIV.PRAC. & REM.CODE § 101.101(c). It is undisputed that the Booths failed to provide the Hospital with formal, written notice of their claims against it pursuant to section 101.101(a). The Booths assert, however, that the Hospital received actual notice of their claims. The Booths argue that section 101.101(c) requires only that a governmental unit have knowledge that a death, an injury, or property damage has occurred. We disagree.

The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *See City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981). The interpretation of section 101.101(c) urged by the Booths would eviscerate the purpose of the statute, as it would impute actual notice to a hospital from the knowledge that a patient received treatment at its facility or died after receiving treatment. For a hospital, such an interpretation would be the equivalent of having no notice requirement at all because the hospital would be required to investigate the standard of care provided to each and every patient that received treatment.

We hold that actual notice to a governmental unit requires knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. Our holding preserves the purpose of the notice statute, and is consistent with the holdings of the majority of the courts of appeals. *See Parrish v. Brooks,* 856 S.W.2d 522, 525 (Tex.App.—Texarkana 1993, writ denied); *Bourne v. Nueces County Hosp. Dist.,* 749 S.W.2d 630, 632–33 (Tex.App.—Corpus Christi 1988, writ denied); *Tarrant County Hosp. Dist. v. Ray,* 712 S.W.2d 271, 274 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.). To the extent that *Texas Dep't of Mental Health & Mental Retardation v. Petty,* 817 S.W.2d 707, 717 (Tex.App.—Austin 1991), *aff'd on other grounds,* 848 S.W.2d 680 (Tex.1992), is inconsistent with this opinion, we disapprove it.

As summary judgment proof, Wood County Central Hospital presented the affidavit of its administrator, Marion Stanberry, who stated that prior to its receipt of a letter dated July 7, 1992, the Hospital had no knowledge of any alleged injuries of Glenda or Jerry Booth or of any alleged fault of the Hospital with respect to such injuries.

The summary judgment evidence provided by the Booths does not raise a fact issue that Wood County Central Hospital had actual notice of any alleged culpability on its part producing or contributing to any injury to Glenda or Jerry Booth. The only evidence

presented by the Booths concerning the Hospital's knowledge of its culpability is an affidavit from Dean Cromartie, an obstetrician who reviewed Glenda Booth's medical records and determined that Dr. Cathey and the Hospital were negligent in their treatment of Glenda Booth. Dr. Cromartie explained that the Cesarean section was not performed on Glenda Booth until more than half an hour after the time that it was called for. Even if the Hospital was aware of the information in its medical records relied upon by Dr. Cromartie in forming his opinion, we hold that, as a matter of law, this information failed to adequately convey to the Hospital its possible culpability for mental and physical injuries to Glenda and Jerry Booth. *Cf. Dinh v. Harris County Hosp. Dist.*, 896 S.W.2d 248, 252–53 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.).

Wood County Central Hospital and Dr. Cathey also argue that the judgment of the court of appeals should be reversed because the Booths failed to plead a cause of action for damages independent of the stillbirth. The Booths' pleadings contain allegations that Dr. Cathey and the Hospital were negligent in their treatment of Glenda Booth and allegations that such treatment resulted in physical and mental injuries to Glenda and Jerry Booth. A mother "may recover mental anguish damages suffered as a result of her injury which was proximately caused by [a doctor's or a hospital's negligence] and which includes the loss of her fetus." *Krishnan v. Sepulveda*, —— S.W.2d ——, —— [1995 WL 358844] (Tex.1995).[1] However, a father may not recover mental anguish damages from either the treating physician or the hospital because neither owes a duty to him. *Id.* at ——.

Accordingly, a majority of the Court grants the applications for writ of error, and, without hearing oral argument, affirms in part and reverses in part the judgment of the court of appeals. TEX.R.APP.P. 170. The Court renders judgment that the Booths take nothing from Wood County Central Hospital and that Jerry Booth take nothing from Dr. George Cathey. With regard to the claims asserted by Glenda Booth against Dr. George Cathey, the Court affirms the judgment of the court of appeals, which remanded those claims for trial.

---

1. Neither parent, however, may recover damages for the loss of society, companionship, and affection suffered as a result of the loss of a fetus. *Krishnan*, —— S.W.2d at ——.