CITY OF DALLAS, Appellant,

v.

Olivia J. CARBAJAL, Appellee.

No. 05–08–00500–CV.

Court of Appeals of Texas, Dallas.

Jan. 22, 2009.

Rehearing Overruled April 6, 2009.

---

Patricia M. Medrano, Barbara E. Rosenberg, Dallas, TX, for Appellant.

Rory Stephen Alter, Nick Maram & Associates, PC, Houston, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice MOSELEY.

In a single issue, the City of Dallas contends the trial court erred by denying its plea to the jurisdiction because Olivia J. Carbajal did not give notice under section 101.101 of the Texas Tort Claims Act (the Act) of her claim against the City for personal injuries arising from a one-vehicle traffic accident. See TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 2005). For the reasons set forth below, we affirm.

## BACKGROUND

In February 2006, Carbajal drove her vehicle into a large excavated hole on Kessler Parkway and was injured. She sued the City, contending that barriers were near the roadway but were not blocking the traffic lane. In a plea to the jurisdiction, the City asserted that it had no written or actual notice of Carbajal's claim within six months of the incident, as required by section 101.101. The City provided a police report and an affidavit to support its argument that it had not received timely notice.

In her response to the City's plea, Carbajal argued the police officer's investigation and report of the incident provided the City with subjective awareness of its fault, establishing actual notice. The trial court denied the City's plea, and the City brought this interlocutory appeal. See id. § 51.014(a)(8) (Vernon 2008).

## STANDARD OF REVIEW

A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999) (per curiam). Its purpose "is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226–27 (Tex.2004) (explaining review and construction of pleadings). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *Miranda,* 133 S.W.3d at 227. Whether a court has subject matter jurisdiction is a matter of law. *Id.* at 226; *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002).

## APPLICABLE LAW

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits against the State or certain governmental units unless the State consents to suit. *Miranda,* 133 S.W.3d at 224. Governmental immunity operates like sovereign immunity and affords similar protections to governmental subdivisions, including cities, unless that immunity is waived. *City of Galveston v. State,* 217 S.W.3d 466, 469 (Tex.2007); *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004); *City of Dallas v. Heard,* 252 S.W.3d 98, 103 (Tex.App.-Dallas 2008, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001(3)(B), .0215 (Vernon 2005)). Street maintenance is a governmental function. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(4).

Pursuant to the Act, a governmental unit is entitled to receive notice of a claim against it not later than six months after the day that the incident giving rise to the claim occurred; the notice must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident. *Id.* § 101.101(a)(1)-(3). The Code Construction Act in effect as to this suit provides that statutory prerequisites of suit, including notice provisions, are jurisdictional requirements in all suits against a governmental entity. TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2008). Thus, failure to give statutory notice deprives a court of subject matter jurisdiction. *See Dallas County v. Posey,* 239 S.W.3d 336, 339 (Tex.App.-Dallas 2007, pet. filed).

However, as relevant here, the section 101.101(a) written notice requirement does not apply if the governmental unit has actual notice that the claimant has received some injury. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(c). In relevant part, to have actual notice, the governmental entity must have knowledge of: (1) an injury; (2) its alleged fault producing or contributing to the injury; and (3) the identity of the parties involved. *See Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995) (per curiam). As clarified by the supreme court in *Texas Department of Criminal Justice v. Simons,* 140 S.W.3d 338, 347–48 (Tex.2004):

> What we intended in *Cathey* by the second requirement for actual notice was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury. If a governmental unit has this subjective awareness of fault, along with the other information to which it is entitled under section 101.101(a), then requiring formal, writ-

ten notice in addition would do nothing to further the purpose of the statute—which is, "to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." [*Cathey*, 900 S.W.2d at 341]. It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

"Subjective" means "based on an individual's perceptions, feelings, or intentions as opposed to externally verifiable phenomena." *Ortegren v. City of Denton*, No. 02–05–177–CV, 2006 WL 495387, at *5 (Tex. App.-Fort Worth Mar. 2, 2006, pet. denied) (mem.op.) (citation omitted).

## DISCUSSION

 It is undisputed that Carbajal did not provide the City with written notice of her claim pursuant to section 101.101(a) of the Act. As noted previously, Carbajal relies on the police report concerning her accident as evidence of actual notice under section 101.101(c). The report, made the same day as the incident, identifies Carbajal and notes the date and time of the incident. The report also indicates the fact that Carbajal was injured by stating she "was in the care of the hospital with unk[nown] injuries."

The City argues that, although the police report shows the officer may have conducted an investigation and obtained information reasonably suggesting the City's culpability, it does not show the City

had subjective awareness that its fault produced or contributed to Carbajal's injuries. *See Simons*, 140 S.W.3d at 347–48. The report recounts Carbajal's complaint that "she saw the barricades but none were blocking what she thought was a clear way to get on the freeway" and "before she knew it she had driven her veh[icle] into a gap on the street." The report states that Carbajal drove her vehicle "into gap in street [that] was not properly blocked." The officer also notes her own observation: "at the listed offense loc[ation] that there were no barricades blocking the gap in the road."

Not every police investigation will result in actual notice sufficient to satisfy section 101.101(c), nor will every police report constitute evidence of such actual notice. However, we conclude the report here constitutes evidence of Carbajal's identity and injury, as well as evidence of the City's subjective awareness of its possible fault in producing or contributing to Carbajal's injury, thus establishing actual notice pursuant to section 101.101(c). *See id.; Cathey*, 900 S.W.2d at 341. *See also Bosler v. Riddle*, No. 07–05–00283–CV, 2007 WL 686645, at *4 (Tex.App.-Amarillo Mar. 7, 2007, pet. denied) (in collision involving police cruiser and vehicle, witness told police investigators that cruiser was speeding immediately before accident; such information, "if pursued, would reveal the City's *alleged* or *possible* fault producing or contributing to the injury").

In reaching this conclusion, we also reject the City's reliance on three cases involving, in part, police reports of accidents-caused by road conditions-that courts have concluded did not meet the subjective—awareness—of—fault standard. In *Texas Department of Transportation v. Anderson*, No. 12–07–00268–CV, 2008 WL 186867, at *1 (Tex.App.-Tyler Jan.23, 2008, no pet.) (mem.op.), a police officer told Texas Department of Transportation em-

ployees that, in his opinion, a fatal accident was caused by a faulty road condition in which water was allowed to pool creating a dangerous condition and a potential for hydroplaning and that he had warned TxDOT previously of this dangerous road condition. The Tyler Court of Appeals determined that TxDOT had knowledge of an accident but there was no evidence that it made any assessment of its fault within six months following the accident. *Id* at *4. In *Sipes v. City of Grapevine,* 146 S.W.3d 273, 284 (Tex.App.-Fort Worth 2004), *rev'd in part on other grounds,* 195 S.W.3d 689 (Tex.2006), a police officer investigated an intersection accident and described the road condition as "obstructed view construction zone." Finally, in *Ortegren,* 2006 WL 495387, at *4–5, a police officer reported a six-inch drop-off from the edge of the pavement and reported other possible causes of an accident, including inclement weather and the driver's overcorrection.

Unlike in *Anderson, Sipes,* and *Ortegren,* the police report here shows the City had immediate notice of the incident and its possible fault in failing to block the gap in the road properly with barricades. Unlike in *Anderson,* there is no evidence here of a responsible entity other than the City, and the police officer making the report is an employee of that entity. And unlike in *Sipes* and *Ortegren,* the police report here is more than just notice of an accident or a description of a road condition; it is the police officer's report of her perception of the cause of the accident. *See id.; Sipes,* 146 S.W.3d at 284.

### CONCLUSION

We resolve the City's issue against it. Thus, we affirm the trial court's order denying the City's plea to the jurisdiction.