Opinion issued July 23, 2009







          





In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00473-CV




EXPO MOTORCARS, L.L.C., Appellant

V.

HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY
APPRAISAL REVIEW BOARD, Appellees
 

 
 
On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2005-76685
 

 
 
MEMORANDUM OPINION
          Appellant, Expo Motorcars, L.L.C., challenges the trial court’s summary
judgment rendered in favor of appellees, the Harris County Appraisal District
(“HCAD”) and the Harris County Appraisal Review Board (“the Review Board”), in
Expo’s suit challenging the constitutionality of Texas Tax Code sections 23.121(b)
(entitled “Dealer’s Motor Vehicle Inventory; Value”) and 41.44(a)(1) (entitled
“Notice of Protest”)


 as applied to Expo. In three issues, Expo contends that the trial
court erred in denying its summary judgment motion and in granting HCAD’s and the
Review Board’s summary judgment motion on the grounds that Expo was denied
meaningful review of its motor vehicle inventory valuations for tax years 2004 and
2005 in violation of Expo’s due process rights,


 Expo presented uncontradicted
evidence of the actual value of its motor vehicle inventory in tax years 2004 and
2005, and the statutory formula used to determine the value of Expo’s motor vehicle
inventory violates the Texas Constitution.



          We affirm.
Factual and Procedural Background
          In its first amended petition, Expo, a motor vehicle dealer,


 alleged that the
“Review Board unconstitutionally applied . . . the dealer motor vehicle inventory
property tax provisions” to Expo and the Tax Code’s valuation formula violates
article VIII, section 1 of the Texas Constitution by not “fairly, equally, or reasonably”
appraising the value of Expo’s motor vehicle inventory. HCAD had appraised the
value of Expo’s motor vehicle inventory, as of January 1, 2004, and, based on the
valuation, Expo’s 2004 taxes were assessed at $149,259.36. However, when Expo
paid only $111,357.99 for the 2004 tax year, the Harris County Tax Assessor-Collector sent Expo a delinquency notice stating that Expo owed $39,334.46 in taxes
and penalties. In May 2005, after paying the amount owed, Expo, pursuant to Tax
Code section 41.41,


 protested HCAD’s 2004 valuation of its motor vehicle inventory
in a hearing in October 2005. However, the Review Board refused to consider
Expo’s protest because Expo had missed by almost one year the deadline to protest
the 2004 appraisal.


 Expo further alleged that for purposes of the 2005 tax year,
HCAD had appraised the value of Expo’s motor vehicle inventory, as of January 1,
2005, and based on the valuation, Expo’s 2005 taxes were assessed at $112,440.02. 
When Expo paid only $103,963.00 for the 2005 tax year, the Harris County Tax
Assessor-Collector sent to Expo another delinquency notice stating that Expo owed
$11,140.37 in back taxes and penalties. Expo paid the additional taxes and penalties
under protest. The Review Board considered Expo’s protest of HCAD’s 2005
valuation of Expo’s motor vehicle inventory at the hearing in October 2005. At the
hearing, Expo asserted that the 2005 valuation could not be accurately assessed until
the end of the year, December 31, 2005, when Expo would be able to determine its
actual gross sales for 2005. The Review Board ruled that HCAD had properly
applied the statutory formula to appraise Expo’s 2005 motor vehicle inventory as of
January 1, 2005. 
          In the trial court, Expo filed its motion for summary judgment, requesting that
the trial court find the inventory valuations for 2004 and 2005 excessive, reduce the
inventory valuations for 2004 and 2005 to match Expo’s actual gross sales for those
years, and require HCAD to “correct the tax rolls accordingly.” In the alternative,
Expo requested that the trial court declare Tax Code section 23.121 unconstitutional
because HCAD had “subjected [Expo] to unequal, non-uniform, unconstitutional
taxation” and find that the Review Board had denied Expo meaningful review of the
valuations for 2004 and 2005. 
          Expo attached to its motion the affidavit of Patrick O’Kelley, Expo’s 
accounting manager. O’Kelley testified that in his attached spreadsheet he set out 
“for each year of Expo’s operations through 2006, the total dollar value of the sales
of motor vehicles to the public (not including wholesale deals to other dealers), the
inventory taxes Expo paid,” and the calculated motor vehicle inventory tax. In
pertinent part, O’Kelley’s spreadsheet reads as follows:


Calendar Year

2001

2002

2003

2004

2005



Previous Year’s
Gross Sales





$4.5 M


$29.4 M


$50.9 M


$60.5 M


$45.1 M



Motor Vehicle
Inventory Tax
Assessed


$10,772


$72,510


$125,678


$149,259


$112,440



Motor Vehicle
Inventory Tax
Paid


$70,921


$123,465


$149,157


$111,358


$103,963




          In their cross motion for summary judgment, HCAD and the Review Board
argued that they were entitled to summary judgment because Expo had failed to
timely protest HCAD’s 2004 valuation of its motor vehicle inventory and that Tax
Code sections 23.121(b) and 44.44(a)(1) are constitutional. 
Standard of Review
          To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law and that there are no genuine issues
of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). When both parties move for summary judgment and the trial court grants one
motion and denies the other, the reviewing court should review the summary
judgment evidence presented by both sides, determine all questions presented, and
render the judgment that the trial court should have rendered. Tex. Workers’ Comp.
Comm’n v. Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004).
“Meaningful Review”
          In its first issue, Expo argues that it was improperly denied a protest hearing
under the Tax Code and denied due process because the Review Board ruled that
Expo’s protest of HCAD’s valuation of Expo’s motor vehicle inventory was untimely
as it was not made “prior to June 1” of the year in which HCAD made the valuation. 
Expo asserts that it could not determine the accuracy of HCAD’s valuation for a
given year until the end of that year, when Expo could determine its actual motor
vehicle sales for the year.
          A property owner may protest an appraisal district’s valuation of property
before an appraisal review board. See Tex. Tax Code Ann. § 41.41(a) (Vernon
2008). However, to be entitled to a hearing and a determination of a protest, the
property owner initiating the protest must file written notice of the protest with the
appraisal review board before June 1st or not later than the 30th day after the date that
notice was delivered to the property owner. Id. § 41.44(a) (Vernon 2008). 
          Expo concedes that HCAD’s valuations of Expo’s motor vehicle inventory for
the 2004 and 2005 tax years were correctly calculated according to the statute. See
id. § 23.121(b) (Vernon 2008). Expo argues that the deadline imposed by Tax Code
section 41.44 denied Expo a meaningful review of its complaint because Expo was
unable to gather evidence and appraisals needed to determine the actual market value
of its motor vehicle inventory and “present a developed body of evidence thereafter
as to why the valuation is other than that assessed.” 
          However, the actual market value of a motor vehicle dealer’s inventory for a
given year is not based on the dealer’s actual sales in that calendar year. Rather, the
Legislature has determined that the actual market value of a dealer’s motor vehicle
inventory is ascertained on January 1 of the tax year based on the dealer’s sales in the
previous calendar year. Id. § 23.121(b). Thus, Expo’s actual sales in the calendar
year of 2004 are irrelevant to its protest regarding HCAD’s valuation of Expo’s motor
vehicle inventory as of January 1, 2004 for the 2004 tax year. See id. HCAD’s
valuation was correctly based on Expo’s sales in 2003. Accordingly, we hold that the
trial court did not err in concluding that Expo was not improperly denied a hearing
under the Tax Code and that Expo was not denied due process.
          We overrule Expo’s first issue.
Actual Value
          In its second issue, Expo argues that it is entitled to a reduction in the valuation
of its motor vehicle inventory for the 2004 and 2005 tax years because Expo
presented the “actual data showing the valuation of the inventory sold for tax years
2004 and 2005.” Expo asserts that the statutory formula relied upon by HCAD and
the Review Board “establishes a value for property based on something arbitrary.” 
However, as noted above, the actual market value of a motor vehicle dealer’s
inventory for a given tax year is not based on the dealer’s actual sales in that calendar
year. Rather, the valuation is determined as of January 1 of the tax year based on the
dealer’s sales in the previous calendar year. Expo’s motor vehicle inventory is always
valued based on its gross sales in the previous calendar year, regardless of the
inventory it actually sells during the given tax year. See id. The statutory formula in
a given tax year does not provide an estimate of market value; it provides the actual
market value using the previous calendar year’s gross sales. See id. Accordingly, we
hold that Expo is not entitled to a reduction in the valuation of its motor vehicle
inventory based on its actual sales in 2004 and 2005.
          We overrule Expo’s second issue.
Constitutionality of Tax Code Section 23.121
          In its third issue, Expo argues that section 23.121’s tax valuation formula is
unconstitutional as “applied to Expo because it created unequal, non-uniform taxation
among motor vehicle dealers.” Expo asserts that the taxing formula
unconstitutionally imposes higher taxes on those dealers whose sales actually
decrease in a tax year after the valuation has been determined as of January 1 of the
tax year.
          In evaluating whether a statute is constitutional, we begin by presuming the
statute’s constitutionality and defer to the Legislature’s determinations of a statute’s
wisdom or expediency. Enron Corp. v. Spring Indep. School Dist., 922 S.W.2d 931,
934 (Tex. 1996). We further presume that the Legislature “understands and correctly
appreciates the needs of its own people, that its laws are directed to problems made
manifest by experience, and that its discriminations are based upon adequate
grounds.” Id. (quoting Smith v. Davis, 426 S.W.2d 827, 831 (Tex. 1968)). A party
who challenges the constitutionality of a statute bears the burden of demonstrating
that the enactment fails to meet constitutional requirements. Id. 
          Article VIII, section 1 of the Texas Constitution, provides that “[t]axation shall
be equal and uniform” and that “[a]ll real property and tangible personal property in
this State . . . shall be taxed in proportion to its value, which shall be ascertained as
may be provided by law.” Tex. Const. art. VIII, § 1(a), (b). According to this
provision of the Texas Constitution, ad valorem tax rates must be uniform for all
types of property. Enron, 922 S.W.2d at 935. In determining how to ascertain the
market value of property for ad valorem tax purposes, the Legislature may use
different methods for different types of property so long as these methods are not
“unreasonable, arbitrary, or capricious.” Enron, 922 S.W.2d at 935–36. 
          Fairly ascertaining the market value of inventory can be difficult because the
value of a taxpayer’s inventory tends to fluctuate significantly throughout the year. 
See Enron, 922 S.W.2d at 939–40 (discussing difficulty in appraising value of
inventory). Generally, the Legislature has chosen to use a single-date appraisal
method, appraising the value of inventory for a given year based on the market value
of the inventory property on a specific date. E.g. Tex. Tax Code Ann. § 23.01
(Vernon 2008) (generally prescribing that on January 1, taxable property is appraised
at its market value). However, in ascertaining the market value of a dealer’s motor
vehicle inventory, the Legislature has adopted a sales-based method.


 See id.
§§ 23.121(b), 23.122(b) (Vernon 2008). This sales-based approach captures the value
of inventory over time better than a single-date evaluation. See Enron, 922 S.W.2d
at 940. Even though the value of a dealer’s motor vehicle inventory can fluctuate
drastically throughout the year, the sales-based approach only requires dealers to pay
taxes on the motor vehicle inventory that they actually sell. See Tex. Tax Code Ann.
§ 23.121(b). 
          In the 2004 and 2005 tax years, Expo’s motor vehicle inventory tax was
assessed in the same manner as the motor vehicle inventory tax of other dealers: the
aggregate tax rate was applied to one twelfth of Expo’s gross sales from the previous
year. See id. Whether a dealer’s sales decline or increase during the tax year, its
motor vehicle inventory tax is always calculated based on its gross sales in the prior
calendar year. See id. Although a dealer’s motor vehicle inventory could be valued
based on actual sales during the year taxed, the Legislature has determined otherwise. 
See Tex. Tax Code Ann. § 23.121(b); see Enron, 922 S.W.2d at 934 (stating that
appellate courts defer to Legislature’s determinations of statute’s wisdom or
expedience). The Legislature has determined that the value of a dealer’s motor
vehicle inventory on January 1 of the tax year is based on the actual sales in the
previous calendar year, not based on actual sales in the tax year. See Tex. Tax Code
Ann. § 23.121(b). Section 23.122 creates a collection mechanism using actual sales
in the tax year, but this collection mechanism does not determine the value of a
dealer’s motor vehicle inventory for the tax year. See id. §§ 23.121(b), 23.122(b),
31.11 (Vernon 2008).
          The Legislature’s method of determining the value of a dealer’s motor vehicle
inventory for the purpose of assessing property taxes is not the only method that
could be used, but it is no more arbitrary than choosing to value a taxpayer’s
inventory on a single date. See id. § 23.01 (adopting January 1 as date when
inventory will typically be valued). Although the Legislature’s method may not be
perfect, we cannot conclude that the Legislature’s chosen method is unconstitutional
as applied to Expo. See Enron, 922 S.W.2d at 939. Accordingly, we hold that
section 23.121(b)’s motor vehicle inventory tax valuation formula is not
unconstitutional as applied to Expo.
          We overrule appellant’s third issue.
 
 
 
 
Conclusion
          We hold that the trial court did not err in denying Expo’s summary judgment
motion and granting HCAD’s and the Review Board’s summary judgment motion. 
Accordingly, we affirm the judgment of the trial court.
 
 

 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Keyes, and Higley.