**CITY OF DALLAS, Petitioner,**

**v.**

**Olivia J. CARBAJAL, Respondent.**

**No. 09–0427.**

Supreme Court of Texas.

May 7, 2010.

Thomas P. Perkins Jr., Dallas City Attorney, Patricia Medrano, Barbara E. Rosenberg, James B. Pinson, Assistant City Attorneys, for Petitioner.

Rory Stephen Alter, Nick Maram, Nick Maram & Associates, P.C., Houston, for Respondent.

Brian Clayton England, City of Garland, Assistant City Attorney, for Amicus Curiae City of Garland, Texas.

William Preston Longley, Texas Municipal League, Austin, for Amicus Curiae Texas Municipal League.

Beth Ellen Klusmann, Assistant Solicitor General, Office of the Attorney General, for Amicus Curiae State of Texas.

PER CURIAM.

In this case, we determine whether a police report noting the perceived cause of an accident provides a governmental unit with actual notice of its fault in causing the accident. When a claimant fails to timely provide a governmental unit with formal notice of a claim, *see* Tex. Civ. Prac. & Rem.Code § 101.101(a), the Texas Tort Claims Act requires the governmental unit to have "actual notice that ... the claimant has received some injury," *id.* § 101.101(c). In *Texas Department of Criminal Justice v. Simons,* we clarified that merely investigating an accident does not provide a governmental unit with actual notice—that is, with subjective awareness of its fault. *See* 140 S.W.3d 338, 343–48 (Tex.2004). Because the police report here was at most an initial response to the accident, we hold that the governmental unit, the City of Dallas, lacked actual notice. The provision of notice is a jurisdic-

tional requirement in all suits against a governmental unit. TEX. GOV'T CODE § 311.034. Accordingly, we reverse the judgment of the court of appeals and render judgment dismissing the case for lack of subject matter jurisdiction.

Olivia Carbajal sued the City for injuries she sustained after driving onto an excavated road. A Dallas police officer who responded to the accident filed a written report describing the accident, in relevant part, as follows:

> Comp[lainant] said that she saw the barricades but none were blocking what she thought was a clear way to get on the freeway. Comp[lainant] said that before she knew it she had driven her veh[icle] into a gap on the street. [I] observed at the listed offense loc[ation] that there were no barricades blocking the gap in the road.

Summarizing the incident, the report states that Carbajal drove her "veh[icle] into [a] gap in [the] street [that] was not properly blocked." Approximately a year after the accident, Carbajal filed this suit against the City. It is undisputed that Carbajal did not provide formal notice as required by § 101.101(a). Carbajal contends, however, that the police report provided the City with subjective awareness of the claim, thereby establishing actual notice under § 101.101(c). Arguing that the report did not provide actual notice, the City filed a plea to the jurisdiction. The trial court denied the plea, and the court of appeals affirmed. 278 S.W.3d 802.

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999) (per curiam). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004).

In *Cathey v. Booth,* we held that governmental entities have actual notice when they have "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." 900 S.W.2d 339, 341 (Tex.1995) (per curiam). In *Simons,* we clarified the meaning of the second requirement:

> What we intended in *Cathey* by the second requirement ... was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury.... It is not enough that a governmental unit should have investigated an incident ..., or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

140 S.W.3d at 347–48. In this passage, and several others, we made clear that merely investigating an accident is insufficient to provide actual notice. *See, e.g., id.* at 347 ("*Cathey* cannot fairly be read to suggest that a governmental unit has actual notice of a claim if it could or even should have learned of its possible fault by investigating the incident."); *id.* at 348 ("[A] governmental unit cannot acquire actual notice merely by conducting an inves-

tigation, or even by obtaining information that would reasonably suggest its culpability. The governmental unit must have actual, subjective awareness of its fault in the matter.").

Although both parties agree that the road was not properly blocked, the report here did not provide the City with subjective awareness of fault because it did not even imply, let alone expressly state, that the City was at fault.[1] The report only describes what apparently caused the accident (missing barricades). It does not say who failed to erect or maintain the barricades. Carbajal ignores the possibility that a private contractor or another governmental entity (such as the county or state) could have been responsible for the road's condition. Indeed, after investigating the accident, the City determined that the Texas Department of Transportation was at fault. Simply put, the police report here is no more than a routine safety investigation, which is insufficient to provide actual notice. *See Simons,* 140 S.W.3d at 347–48.

By holding that the officer's "perception of the cause of the accident" sufficed to provide actual notice, 278 S.W.3d at 806, the court of appeals overlooked the policy underlying actual notice: " 'to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial,' " *Simons,* 140 S.W.3d at 347 (quoting *Cathey,* 900 S.W.2d at 341). When a police report does not indicate that the governmental unit was at fault, the governmental unit has little, if any, incentive to investigate its potential liability because it is unaware that liability is even at issue.

Because the police report here did not provide actual notice, we grant the petition for review and, without hearing oral argument, TEX.R.APP. P. 59. 1, reverse the court of appeals' judgment and render judgment dismissing the case for lack of subject matter jurisdiction.

1. We do not answer whether the City would have had actual notice if the report had expressly stated that the City was at fault.