Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-10-00560-CV

**ROMA INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

Roel **GONZALEZ** and Thelma Gonzalez,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-09-494
Honorable Alex William Gabert, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  December 2, 2010

REVERSED AND RENDERED

Roel and Thelma Gonzalez ("the Gonzalezes") sued Roma Independent School District ("RISD") to recover for the injuries they sustained during an automobile collision allegedly caused by a RISD school bus. The trial court denied RISD's plea to the jurisdiction and this appeal followed. RISD challenges the denial of its plea to the jurisdiction on the ground that the Gonzalezes failed to provide the school district with notice of their claims. We reverse the trial

court's order denying RISD's plea to the jurisdiction and render judgment dismissing the Gonzalezes' claims against RISD for want of jurisdiction.

## BACKGROUND

Steven Johnson was employed as a truck driver for T&S Trucking of Jacksonville Florida, Inc ("T&S"). Johnson was traveling westbound on U.S. Highway 83 in Starr County, Texas when he was involved in a collision with the Gonzalezes' vehicle. The Gonzalezes, who were also traveling westbound on U.S. Highway 83, claim RISD is, at least in part, responsible for causing the accident between their vehicle and Johnson's tractor trailer. According to the Gonzalezes, their collision occurred because a westbound RISD school bus failed "to pull onto the shoulder of U.S. Highway 83" when it stopped to pick up children. The Gonzalezes claim that when the school bus stopped on the highway, it caused Johnson to abruptly change lanes. When Johnson changed lanes, he pulled his tractor trailer in front of their vehicle and immediately applied his brakes to stop for the RISD school bus. The Gonzalezes could not stop in time and rear-ended Johnson's tractor trailer.[1]

The Gonzalezes filed suit against T&S, Johnson, and RISD to recover for the injuries they sustained during their collision with Johnson's tractor trailer. They claimed RISD is liable because its school bus driver failed to exercise ordinary care by failing to: (1) pull off the roadway in order to stop; (2) timely activate the bus's "amber flashing lights" to indicate that the bus was about to stop for children; and (3) pull off the roadway as much as practicable to make a stop. RISD denied the Gonzalezes' allegations and filed special exceptions, claiming the Gonzalezes' petition failed to show they gave the school district written notice of their claims within six months of the incident as required by the Texas Tort Claims Act. *See* TEX. CIV. PRAC.

---

[1] The RISD school bus was unaffected by the collision between Johnson and the Gonzalezes and continued on its route following the accident. Roel Gonzalez was cited for failing to control his speed.

& REM. CODE ANN. § 101.101(a) (West 2005). The trial court sustained RISD's special exceptions and ordered the Gonzalezes to amend their pleadings. The Gonzalezes subsequently filed an amended petition, alleging written notice to RISD was not required because the school district had actual notice knowledge of the incident giving rise to their claims.

RISD responded by filing a plea to the jurisdiction, claiming the Gonzalezes are barred from bringing suit against the governmental entity because they failed to give it notice of their claims within six months of the date of the incident as required by the Texas Tort Claims Act. RISD's plea further states that the Gonzalezes were not excused from complying with this notice requirement because the school district had no actual notice of the Gonzalezes' claims. In support of its plea to the jurisdiction, RISD attached an affidavit from Jesus Guerra, the Superintendant for RISD, stating RISD: (1) "did not receive written notice of Plaintiffs' claims against [it] prior to Plaintiffs' filing of suit on November 4, 2009"; (2) "had no other knowledge of such claims prior to the filing of this lawsuit"; and (3) "had no indication or subjective awareness that its fault produced or contributed to the accident or the claimed damages or injuries of Plaintiffs." The Gonzalezes did not file a response to RISD's plea to the jurisdiction. Following a hearing, the trial court denied RISD's jurisdictional challenge and this interlocutory appeal followed.

## STANDARD OF REVIEW

We review the grant or denial of a plea to the jurisdiction *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). The plaintiff bears the burden to plead facts affirmatively demonstrating the trial court's jurisdiction. *See State v. Holland*, 221 S.W.3d 639, 642–43 (Tex. 2007). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues.

*Miranda*, 133 S.W.3d at 227. When evidence is submitted to support the plea, we accept as true "all evidence favorable to the non-movant" and indulge every logical inference and resolve all doubts in favor of the non-movant. *Id*. at 228. If the evidence submitted raises a question of fact regarding jurisdiction, "then the trial court cannot grant the plea to the jurisdiction" and the ultimate fact-finder will resolve the fact issue. *Id.* at 227–28.

### NOTICE

Absent a waiver, governmental immunity protects political subdivisions of the State, including counties, cities, and school districts, from lawsuits for damages. *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex. 2003). The Texas Tort Claims Act waives immunity from suit "to the extent of liability created by [the Act]." TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (West 2005). To take advantage of this waiver, the plaintiff must notify the governmental unit of a claim within six months. *Id*. § 101.101(a). The notice "must be submitted in writing," *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, No. 04-09-00579-CV, 2010 WL 3406146, at *3 (Tex. App.—San Antonio Aug. 31, 2010, no. pet.), and reasonably describe the injury, the time and place of the incident, and the incident itself. *Id.* § 101.101(a). This formality, however, is not required "if the governmental unit has actual notice that death has occurred [or] that the claimant has received some injury." *Id*. § 101.101(c). "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034 (West 2005).

**DISCUSSION**

On appeal, RISD argues the trial court erred in denying its plea to the jurisdiction because RISD conclusively established it did not have notice (formal or actual) of the Gonzalezes' claims. We agree.

The incident giving rise to the Gonzalezes' claims occurred on December 18, 2008. Nothing in the record demonstrates that the Gonzalezes ever provided RISD with formal written notice of their claims within six months of the date of the accident. Consequently, the trial court was not free to conclude that RISD did receive formal written notice of the incident or the Gonzalezes' injuries as required by section 101.101. *See Univ. of Tex. Health Sci. Ctr. at San Antonio*, 2010 WL 3406146, at *3.

Actual notice to a governmental unit requires knowledge of: (1) a death or injury; (2) the governmental unit's alleged fault producing or contributing to the death or injury; and (3) the identity of the parties involved. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam) (noting also that the purpose of the notice requirement "is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial"). With regard to the second requirement for actual notice, the Supreme Court has explained "that a governmental unit [must] have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury." *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004); *see Univ. of Tex. Health Sci. Ctr. at San Antonio*, 2010 WL 3406146, at *3. The Court further stated:

> It is not enough that a governmental unit should have investigated an incident as a
> prudent person would have, or that it did investigate, perhaps as part of routine

> safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

*Tex. Dep't of Criminal Justice*, 140 S.W.3d at 347-48. "Actual notice is a fact question when the evidence is disputed; but in many instances actual notice is determined as a matter of law." *Univ. of Tex. Med. Branch at Galveston v. Brisco*, No. 01-09-00064-CV, 2009 WL 3152192, at *4 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.).

The Gonzalezes' pleadings suggest that RISD had actual notice because its school bus was present at the scene of the accident. However, "[m]ere notice that an incident has occurred is not enough to establish actual notice for purposes of the Act." *City of Pharr v. Aguillon*, No. 13-09-00011-CV, 2010 WL 1138449, at * 3 (Tex. App.—Corpus Christi Mar. 25, 2010, no pet.) (mem. op.). The only evidence in the record directly addressing actual notice is Superintendent Guerra's affidavit, which shows RISD was subjectively unaware of its alleged role in the Gonzalezes' accident. The record before us simply does not demonstrate RISD had actual notice as contemplated by section 101.101; accordingly, we sustain RISD's sole issue on appeal. *See Univ. of Tex. Med. Branch at Galveston*, 2009 WL 3152192, at *4-5 (reversing trial court's order denying a plea to the jurisdiction and rendering a judgment of dismissal where appellee "did not allege facts sufficient to show [appellant's] knowledge of a personal injury and the people involved or its subjective awareness of its alleged role in contributing to the injury").

## CONCLUSION

We reverse the trial court's order denying RISD's plea to the jurisdiction and render judgment dismissing the Gonzalezes' claims against RISD for want of jurisdiction.


Catherine Stone, Chief Justice