David Puryear, Justice
In this interlocutory appeal, the City of Killeen appeals the trial court's denial of its plea to the jurisdiction, contending that the City did not have "actual notice" of appellees' wrongful-death claims, which is required to waive the City's governmental immunity under the Texas Tort Claims Act (TTCA). See Tex. Civ. Prac. & Rem. Code § 101.101(c). For the following reasons, we reverse the trial court's order and render judgment granting the City's plea to the jurisdiction, dismissing appellees' claims against the City for want of jurisdiction.
BACKGROUND[1]
Appellees' lawsuit arose out of a motorcycle accident involving driver Scott Worsdale and passenger Heike King. Their petition alleged that on June 7, 2015, Worsdale's motorcycle was traveling westbound on Reese Creek Road in Killeen when it collided with a "large dirt mound obstructing the full width" of the roadway; the mound was "not marked or indicated by any traffic-control device, barricades, or other safety features." Both Worsdale and King were seriously injured in the accident and later died from their injuries.[2]
The Killeen Police Department (KPD) arrived on the scene shortly after the accident and began an investigation. KPD Officer Bradley Blenden's incident report outlined observations he made at the scene the night of the accident as well as observations and conversations he had with employees from other City departments, including *379 a Deputy City Attorney, in the days following the accident. As noted in his report, some of those conversations concerned who owned the road and was responsible for its maintenance. However, the report did not make any conclusions about fault for the accident. Officer Blenden supplemented his report on June 26, 2016, noting that the case "will be closed" due to the death of Worsdale, "the suspect in the case."[3]
Appellees' petition alleged that the dirt mound constituted a special defect on the City's property-a dangerous condition about which the City knew or should have known-and that the City had a duty to make the premises safe by eliminating the risk of harm or warning of the dangerous condition, which it failed to do. See Tex. Civ. Prac. & Rem. Code § 101.022(b) (noting that governmental unit has duty to warn of special defects such as excavations or obstructions on roads); see also id. § 101.025 (waiving governmental immunity for claims under TTCA). The City's plea to the jurisdiction asserted that (1) appellees did not provide the City with the required, written statutory notice of their claims within six months of the accident and (2) the City did not have "actual notice" of appellees' claims within that same period. See id. § 101.101(a), (c). Appellees attached evidence to their response to the City's plea to the jurisdiction-including excerpts from the deposition testimony of Officer Blenden and his incident report-and, after a hearing, the trial court denied the plea.
DISCUSSION
A governmental unit, such as a city, is immune from suit and liability unless the legislature has waived immunity. See Dallas Cty. Mental Health & Mental Retardation v. Bossley , 968 S.W.2d 339, 341 (Tex. 1998). A plaintiff has the burden to affirmatively demonstrate a valid legislative waiver of immunity. See Dallas Area Rapid Transit v. Whitley , 104 S.W.3d 540, 542 (Tex. 2003). To determine if the plaintiff has met that burden, the courts "consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." Texas Nat. Res. Conservation Comm'n v. White , 46 S.W.3d 864, 868 (Tex. 2001). "A plaintiff bears the burden of alleging sufficient facts and to come forward with jurisdictional evidence to demonstrate that the trial court has subject matter jurisdiction over its claims." City of El Paso v. Viel , 523 S.W.3d 876, 883 (Tex. App.-El Paso 2017, no pet.). "Subject-matter jurisdiction is a question of law; therefore, we review a trial court's ruling on a plea to the jurisdiction de novo." City of Austin v. Frame , No. 03-15-00292-CV, 2017 WL 1832485, at *2 (Tex. App.-Austin May 5, 2017, pet. filed) (mem. op.) (citing Texas Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004) ).
The notice requirements in the TTCA are jurisdictional. See Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); City of Dallas v. Carbajal , 324 S.W.3d 537, 537-38 (Tex. 2010). Regarding pre-suit notice, section 101.101 of the TTCA provides in relevant part:
(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving *380 rise to the claim occurred. The notice must reasonably describe:
(1) the damage or injury claimed;
(2) the time and place of the incident; and
(3) the incident.
* * *
(c) The notice requirement[ ] provided ... by Subsection[ ] (a) ... do[es] not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.
Tex. Civ. Prac. & Rem. Code § 101.101.
Appellees concede that they did not provide written notice of their claim under the TTCA within six months of the accident under subsection (a). They contend, rather, that the City had "actual notice" of their claims pursuant to subsection (c). See id. § 101.101(c). The City responds that because it does not dispute any of the facts presented by appellees on the issue of actual notice, we must decide the issue of actual notice as a matter of law, see Frame , 2017 WL 1832485, at *3 (citing Miranda , 133 S.W.3d at 227-28 ), and that under applicable supreme-court precedent the facts are insufficient to demonstrate actual notice. We agree with the City on both points.
In 1995, the supreme court held that "actual notice" requires knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. Cathey v. Booth , 900 S.W.2d 339, 340-41 (Tex. 1995) (per curiam) ("Because the [hospital] records at issue in this case do not convey to the hospital its possible culpability, we reverse the judgment of the court of appeals as to any remaining claims against [the hospital] and render judgment that the Booths take nothing from the [h]ospital."). "The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." Id. at 341. In Cathey , the supreme court determined that, as a matter of law, the hospital's records indicating the facts of an allegedly improperly delayed Cesarean section "failed to adequately convey to the Hospital its possible culpability" for injuries to the plaintiffs. Id. at 342.
Nearly a decade later, the supreme court further elaborated:
What we intended in Cathey by the ... requirement for actual notice was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury.
Texas Dep't of Crim. Justice v. Simons , 140 S.W.3d 338, 347 (Tex. 2004), superseded by statute on other grounds , Tex. Gov't Code § 311.034. The Simons opinion continued: "It is not enough that a governmental unit should have investigated an accident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault." Id. at 347-48 (holding that actual notice requires that governmental unit has "a subjective awareness that its fault produced or contributed to the claimed injury"); see Carbajal , 324 S.W.3d at 537-38 (citing with approval Simons holding regarding actual notice). "[M]erely investigating an accident is insufficient to provide actual notice," and "a routine safety investigation ... is insufficient to provide actual *381 notice." Carbajal , 324 S.W.3d at 538-39. "If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault." Simons , 140 S.W.3d at 348.
The facts in City of Dallas v. Carbajal are strikingly similar to those here. In that case, the plaintiff sued the City of Dallas for injuries she sustained after driving onto an excavated road. Carbajal , 324 S.W.3d at 538. A City of Dallas police officer responded to the plaintiff's call and filed a report stating that the gap in the road into which the plaintiff drove was not "properly blocked" by barricades. The Carbajal court held that although the report described what apparently caused the accident (i.e., missing barricades), it "did not even imply, let alone expressly state, that the City was at fault" and was no more than a "routine safety investigation, which is insufficient to provide actual notice." Id. ; see also Rojas v. County of El Paso , 408 S.W.3d 535, 540-41 (Tex. App.-El Paso 2013, no pet.) (holding that police officer's report indicating that driver failed to yield at intersection because stop sign had been "knocked down" was not sufficient to show county's subjective awareness of fault); City of San Antonio v. Herrera , No. 04-13-00304-CV, 2013 WL 5653311, at *4 (Tex. App.-San Antonio Oct. 16, 2013, pet. denied) (mem. op.) (holding that traffic-signal-management reports indicating malfunctioning traffic light days before accident and work performed on light day of accident, plus police report indicating that light was "inoperative" at time of accident, were insufficient to show city's knowledge of its alleged fault). Cf. University of Tex. Sw. Med. Ctr. at Dall. v. Estate of Arancibia ex rel. Vasquez-Arancibia , 324 S.W.3d 544, 549-50 (Tex. 2010) (holding that hospital records indicating that doctors performing surgery made "technical error" and "clinical management contributed to" patient's death were sufficient to establish that hospital had subjective knowledge of its fault, being "the sole instrumentality of harm"); Ortiz-Guevara v. City of Houston , No. 14-13-00384-CV, 2014 WL 1618371, at *3-4 (Tex. App.-Houston [14th Dist.] Apr. 22, 2014, no pet.) (mem. op.) (holding that police officer's accident report, expressly assigning sole fault to city employee who was driving vehicle that rear-ended another vehicle, was sufficient to show that city had subjective awareness of fault).
Here, the evidence regarding the City's subjective awareness-viewed in the light most favorable to appellees-shows that, according to Officer Blenden's report: he spoke with employees of various City departments (including Streets, Engineering, and Legal) about the accident and attempted to ascertain "who authorized closing the road; who actually owned or had possession of the road, as far as ownership; who put the dirt there; ... [and] why there weren't barricades or markers out there"; the City had been "aware [that] the road had been blocked [by the dirt mound] for almost two years" preceding the accident; there had been an ongoing "fight between the City and [Bell] County" about which entity owned or was responsible for maintenance of the road; the City had not put barricades up prior to the accident because it believed it did "not own or maintain[ ]" the road; and two days after the accident, the City cleared the dirt mound from the road and placed barricades and signs near the location.
The sum of the evidence and the reasonable inferences therefrom does not demonstrate subjective awareness by the City of its fault , as ultimately alleged by appellees , in producing or contributing to Worsdale's *382 and King's injuries. See Simons , 140 S.W.3d at 347. In pleading their TTCA claims, appellees alleged that the City owns the road, the dirt mound constituted an unreasonable risk of harm, and the City breached its duty to keep its premises safe. However, Officer Blenden's report did not expressly or impliedly attribute fault for the accident to the City due to its ownership of and alleged failure to maintain the road, and there is nothing else in the record demonstrating that the City had subjective awareness within six months of the accident of its alleged fault. See Carbajal , 324 S.W.3d at 538 ; Simons , 140 S.W.3d at 347. Even if the report could be said to conclude that the "dirt mound" was the cause of the accident-setting aside its finding that Worsdale and King were intoxicated and its identification of Worsdale as the "suspect"-as in Carbajal , the report did not place responsibility on the City for the presence of the dirt mound, the failure to warn thereof, or the maintenance of the road. See Carbajal , 324 S.W.3d at 538. At most, the totality of the evidence indicates that the City "should have known from the investigation it conducted that it might have been at fault," Simons , 140 S.W.3d at 347-48 (emphasis added), but Simons has expressly held that this is not enough, ids="9212456" index="27" url="https://cite.case.law/sw3d/140/338/#p347">id. ; see Texas Dep't of Transp. v. Anderson , No. 12-07-00268-CV, 2008 WL 186867, at *1 (Tex. App.-Tyler Jan. 23, 2008, no pet.) (mem. op.) (holding that department had no subjective awareness of plaintiff's claims where officer investigating accident concluded that roadway condition allowed water to pool and create dangerous condition and had previously warned department of dangerous condition many times); Ortegren v. City of Denton , No. 2-05-177-CV, 2006 WL 495387, at *4-5 (Tex. App.-Fort Worth Mar. 2, 2006, pet. denied) (mem. op.) (holding that city had no subjective knowledge of alleged fault where investigating officer's report noted six-inch drop-off from edge of pavement, officer mentioned to supervisor that he believed driver "overcorrected" after her tires went over drop-off, and officer knew about such hazard prior to accident). Cf. City of San Angelo v. Smith , 69 S.W.3d 303, 308 (Tex. App.-Austin 2002, pet. denied) (in pre- Simons and - Carbajal case, holding that city had actual knowledge where plaintiff's fall into tank and injuries therefrom occurred in presence of city's water-treatment-plant supervisor, supervisor thereafter consulted with plant's risk manager, and city subsequently built guardrail around tank).
The evidence in this case-viewed in the light most favorable to appellees-does not constitute subjective knowledge by the City of appellees' claims[4] against it within six months of the accident. See Carbajal , 324 S.W.3d at 537-38 ; Simons , 140 S.W.3d at 347. Accordingly, we hold that appellees failed to demonstrate that the City had "actual notice" of their claims sufficient to waive the City's immunity under the TTCA. The trial court did not, therefore, have subject-matter jurisdiction over appellees' claims against the City, and it erred in denying the City's plea to the jurisdiction.
*383 CONCLUSION
While we recognize the tragic circumstances leading to the injuries and ultimate deaths of Worsdale and King, our determination on this procedural and jurisdictional issue of notice under the TTCA is consistent with applicable statutes and precedent. Accordingly, we reverse the trial court's order and render judgment granting the City's plea to the jurisdiction and dismissing appellees' claims against the City.
Justice Pemberton Not Participating

Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic decisions for it. See Tex. R. App. P. 47.1, 47.4.

The record indicates that King died within days of the accident and Worsdale just over a year later.

Officer Blenden's report indicated that both Worsdale and King were "intoxicated" at the time of the accident and "over the legal limit of 0.08 [BAC]."

The term "claim" is not defined in the TTCA. See Tex. Civ. Prac. & Rem. Code § 101.101(a) ("A governmental unit is entitled to receive notice of a claim against it under this chapter. " (emphases added) ). However, the common understanding of the term in legal parlance supports our holding and the supreme court's conclusion that subsection (c) requires the governmental unit to have knowledge that amounts to the same notice to which it is entitled under subsection (a). See Texas Dep't of Crim. Justice v. Simons , 140 S.W.3d 338, 347 (Tex. 2004), superseded by statute on other grounds , Tex. Gov't Code § 311.034 ; Black's Law Dictionary 281-82 (9th ed. 2009) (defining "claim" as, e.g., "The aggregate of operative facts giving rise to a right enforceable by a court.").