# Supreme Court of Texas

No. 22-0296

Constantino Meza, Plutarco Meza, Daniela Meza, and Alejandra Meza,

*Petitioners*,

v.

The City of Fort Worth, Texas,

*Respondent*

On Petition for Review from the
Court of Appeals for the Second District of Texas

JUSTICE BOYD, joined by Justice Lehrmann and Justice Young, dissenting to the denial of the petition for review.

This Court's approach to section 101.101(c) of the Texas Tort Claims Act has not been a model of consistency or clarity, to put it mildly.[1]  In our last case about this provision, we said the statute

---

[1] *See Worsdale v. City of Killeen*, 578 S.W.3d 57, 78–79 (Tex. 2019) (BOYD, J., concurring) (illustrating how "every time the Court has addressed section 101.101(c) since *Cathey*, it has changed the rule it had most recently announced"). *See generally City of San Antonio v. Tenorio*, 543 S.W.3d 772, 788–89 (Tex. 2018) (BOYD, J., dissenting) (detailing what I viewed as the

requires evidence that the governmental body had "actual notice it *may be* responsible for the" harm alleged. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 59 (Tex. 2019) (emphasis added). The statute "requires neither adjudication of liability nor confession of fault," we explained, and whether the governmental body "believed it was liable or not is not the standard." *Id.* at 65, 67. Instead, we held, section 101.101(c) requires evidence that the governmental body was "subjectively aware that its alleged acts or omissions contributed to or produced injuries in the way the claimant ultimately alleges." *Id.* at 64.

This case provides the Court with the much-needed opportunity to expound on that requirement in light of two other governing principles. First: "There will, of course, be times when subjective awareness must be proved, if at all, by circumstantial evidence." *Tex. Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004). And second, when considering such circumstantial evidence, courts must indulge every reasonable inference and resolve all doubts in the claimant's favor. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018).

This case arises out of a rear-end collision caused by a driver who was fleeing a Fort Worth police officer, travelling one hundred miles per hour down North Main Street near the Stockyards around eleven o'clock in the morning. An innocent woman was killed, and her husband was injured. Not surprisingly, everyone with the City concluded that the

---

Court's mistaken approach to the statute in *Cathey v. Booth*, 900 S.W.2d 339 (Tex. 1995) (per curiam), and its progeny.

pursuing officer complied with department policies and that the crash would have occurred even if he had stopped pursuing the suspect sooner. They all denied that they ever believed any officer did anything wrong or did anything to cause the accident.

The claimants point to other evidence, however, that supports a reasonable inference that the Department was aware soon after the crash that its officer's conduct contributed to causing the accident. The City conducted an extensive investigation of the accident and concluded that "fleeing or evading" the police was one of the contributing causes. The fleeing suspect was charged with "evading arrest or detention," elevated to a second-degree felony for causing death "as a direct result." The police commander met with the pursuing officer at least three different times to "discuss the pros and cons to continuing or terminating pursuits in the future." At the commander's order, a police captain also met with all the sergeants and lieutenants to "discuss the same." The commander concluded the accident provided a "good opportunity to debrief" the current policy governing "short pursuits" and "quickly evolving incidents." The assistant chief concurred with the "additional training" and "corrective actions." Eight months later, the Department changed its pursuit policy so that it no longer permits a vehicle pursuit based on a traffic violation or suspicion of a stolen vehicle, two of the justifications relied on for the pursuit at issue here.

Section 101.101(c) is about *notice*, not liability. The challenged conduct may not turn out to be within the statute's waiver of immunity; the claims may fail on the merits. Such a resolution may come quickly. Terminating the litigation on the ground of inadequate notice, though,

3

seems incompatible with our current understanding of the statute. If it's true, as this Court has said, that section 101.101(c) requires claimants to show only that the governmental defendant was aware that its conduct "may have" caused the harm alleged, that claimants can rely on circumstantial evidence to establish such awareness, and that courts must draw every reasonable inference from that evidence in the claimants' favor, then these claimants make a compelling case that they satisfied the statute's requirement. If they didn't, then the Court should take this case to provide further guidance on what qualifies as "actual notice."

I respectfully dissent from the Court's denial of this petition for review.

Jeffrey S. Boyd
Justice

**OPINION FILED:** April 14, 2023