**Karla REESE, Appellant,**

v.

**TEXAS STATE DEPARTMENT OF HIGHWAYS and PUBLIC TRANSPORTATION, Appellees.**

**No. 12–89–00257–CV.**

Court of Appeals of Texas,
Tyler.

May 27, 1992.

Rehearing Denied June 18, 1992.

Robert A. Ray, Tyler, for appellant.

Grady Click, Asst. Atty. Gen., Highway Div., Austin, for appellees.

COLLEY, Justice.

This is a summary judgment case. Plaintiff/Appellant Karla Reese (hereinafter "Reese") brought suit against Defendant/Appellee Texas Department of Highways and Public Transportation (hereinafter "Department") for damages for the wrongful death of her son,[1] Christopher Reese (hereinafter "Child"), under the TEXAS TORT CLAIMS ACT.[2]

---

1. The child received a head injury in an automobile collision that occurred on January 16, 1988, at the intersection of Rickety Lane and Paluxy Drive in the City of Tyler.

2. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–109 (Vernon 1986 and Vernon Supp.1992),

■ Reese judicially admits she did not give the formal written notice required by section 101.101(a), and under her single point of error, clearly frames her contention on appeal: that the Department had the requisite actual notice under section 101.101(c), premised solely on the fact that Tyler Police Officer David Spencer's accident report of the January 16, 1988, accident was filed on January 25, 1988, with the Department of Public Safety as required by TEX.REV.CIV.STAT.ANN. art. 6701d, § 44(c) (Vernon Supp.1992), and that actual notice was thereby imputed to the Department. In support of that contention, Reese cites inter alia *County of Harris v. Eaton*, 573 S.W.2d 177 (Tex.1978), and *City of Texarkana v. Nard*, 575 S.W.2d 648 (Tex. Civ.App.—Tyler 1979, writ ref'd n.r.e.). In our opinion, Reese's argument is not supported by *Eaton* or *Nard*, or by the two other cases [3] relied on by her. All of those cases involve actual notice imputed to the governmental unit by sufficient relevant information acquired by its own employees, officers, or agents. We conclude that knowledge or notice to employees, officers, or agents of one unit of a state government (here, the Texas Department of Public Safety) does not impute actual notice to another separate governmental unit under section 101.101(c). Cf. *Rosales*, 764 S.W.2d at 344, and *Vela v. Cameron County*, 703 S.W.2d 721, 726 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *see also* Sections 101.001, 101.025(b), and TEX.REV.CIV.STAT. ANN. art. 6252–19, § 4 (Vernon 1970) (source law).

■ Because Reese's judicial admission disposes of the question of the formal notice required by section 101.101(a), and because our law conclusion disposes of the question of the Department's lack of actual notice, based on the filing of the police officer's report with the Department of Public Safety, the only remaining question,

raised in oral arguments, is whether Reese's cause of action is barred by her failure to comply with those provisions prescribed by section 101.101, or whether that failure only requires abatement of the action, as is the rule in cases brought against persons and institutions covered by the Medical Liability and Insurance Improvement Act, TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.1991–92). *See Schepps v. Presbyterian Hospital of Dallas*, 652 S.W.2d 934 (Tex.1983). That question, as we said, was raised in oral argument, and both parties have accordingly filed, with this Court's permission, post-submission briefs on the question. We have carefully considered these briefs, and have as well done some somewhat extensive independent research to resolve the question.

We find no reported decision which even suggests that the consequences of a plaintiff's failure to give the notice spelled out in 101.101(a), or to establish notice or knowledge on the part of the defendant/governmental unit as required by 101.101(c), is abatement. To the contrary, our research reveals a host of court of appeals cases which summarily affirm summary judgments for the governmental unit when it has not received the requisite notice of the event or incident giving rise to the suit involved. Moreover, the Texas Supreme Court in *Trinity River Authority v. Williams*, 689 S.W.2d 883 (Tex.1985), appears to have adopted the summary conclusion expressed in *Kamani v. Port of Houston Authority*, 702 F.2d 612, 615 (5th Cir. 1983):

> This notice requirement, contained within the Texas Tort Claims Act ... *obviously* is a limitation which the state *clearly intended* to apply to tort claims under the Act whether or not they are in state or federal court or under state or maritime law. As such it is binding since it is

---

which constitutes a nonsubstantive revision of former TEX.REV.CIV.STAT.ANN. art. 6252–19, Act of May 14, 1969, ch. 292, §§ 1–23, 1969 Tex.Gen. Laws 874–879, now codified as TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–102.006 (Vernon 1986 and Vernon Supp.1992). All references to sections in this opinion are to the TEXAS CIVIL PRACTICE & REMEDIES CODE unless otherwise noted.

**3.** *Rosales v. Brazoria County*, 764 S.W.2d 342 (Tex.App.—Texarkana 1989, no writ), and *City of Galveston v. Shu*, 607 S.W.2d 942 (Tex.App.— Houston [1st Dist.] 1980, no writ).

in terms[,] a limit on the waiver of sovereign immunity.

*Kamani,* 702 F.2d at 615 (emphasis added).

Also, in 1991, the Houston First Court of Appeals adopted the procedural rule of *Kamani, see Port of Houston Authority v. Guillory,* 814 S.W.2d 119, 123 (Tex.App.—Houston [1st Dist.] 1991, writ granted).

We are therefore persuaded that when a plaintiff fails to give the notice required by section 101.101(a), in circumstances where the defendant/governmental unit has no actual notice as required by section 101.-101(c), his or her suit is perpetually barred.

Reese's point of error is overruled and the summary judgment is affirmed.