ACCEPTED
01-14-00808-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/9/2015 4:20:29 PM
CHRISTOPHER PRIN
CLERK

## No. 01-14-00808-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/9/2015 4:20:29 PM

CHRISTOPHER A. PRINE
Clerk

In the First Court of Appeals
Houston, Texas

Arlean Green,

*Appellant*

v.

City of Houston,

*Appellee*

On Appeal from the 269th District Court of Harris County, Texas
Trial Court Cause No. 2014-13489
The Honorable Dan Hinde, Presiding Judge

### Brief of Appellee City of Houston

David M. Feldman
City Attorney

Judith L. Ramsey
Chief, General Litigation Section

Mary E. (Mary Beth) Stevenson
Assistant City Attorney
State Bar No. 24072366

David L. Red
Senior Assistant City Attorney
State Bar No. 16656900
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby Street, 4th Floor
Houston, Texas  77002
832.393.6269 (telephone)
832.393.6259 (facsimile)
marybeth.stevenson@houstontx.gov
david.red@houstontx.gov

*Attorneys for the City of Houston*

## Identity of Parties and Counsel

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, and in order that members of this Court may determine disqualifications and recusal under Rule 16, the Appellee provides the following list of parties and the addresses of all trial and appellate counsel known at the time of the filing of this brief.

**Plaintiff/Appellant:** Arlean Green

**Counsel for Appellant:**
George Farah
Sarah C. Dionne
Guerra & Farah, PLLC
4101 Washington Ave., 3rd Floor
Houston, Texas 77007

**Defendant/Appellee:** City of Houston

**Counsel for Appellee:**
Mary Beth Stevenson
David L. Red
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002

**Co-Defendant:** United Airlines, Inc.

**Counsel for Co-Defendant:**
Nicholas E. Zito
Ramey, Chandler, Quinn & Zito, P.C.
750 Bering Drive, Suite 600
Houston, Texas 77057

# Table of Contents

**Page**

Identity of Parties and Counsel ..................................................................ii

Index of Authorities .................................................................................. v

Record References ................................................................................. viii

Statement of the Case ............................................................................. ix

Statement Regarding Oral Argument ......................................................... x

Issue Presented ........................................................................................ x

Statement of Facts..................................................................................... 1

    A.    Green sues and the City files a plea to the jurisdiction because it did not receive timely formal or actual notice of Green's claim. ...................................................................... 1

    B.    Green's response and appellate brief argues the City had actual notice because a TSA employee witnessed the fall and Green contacted the TSA about the incident. ............................2

Summary of the Argument ........................................................................ 3

Argument and Authorities......................................................................... 4

I.    Standard of Review.......................................................................... 4

II.    Timely notice of a claim under the TTCA is jurisdictional. ................... 5

III.    The City did not receive timely notice of Green's claim. ...................... 6

    A.    Green gave no timely formal notice. .......................................... 6

    B.    The City had no timely actual notice of the incident. ................... 7

        1.    Alleged notice to a federal agency is not notice to the City. ................................................................. 7

2. The TSA is a separate and distinct agency from the City. .............................................................. 9

3. There is no evidence that the TSA has any duty to report incidents like this one to the City. ...................... 11

4. Green's exhibits do not raise a fact issue on actual notice, and she does not produce any evidence that the City had notice. ................................... 14

5. Green's communication to the TSA did not give the TSA, much less the City, subjective awareness of potential fault. .......................................... 15

Conclusion and Prayer ................................................................. 16

Certificate of Compliance ............................................................ 17

Certificate of Service ................................................................... 18

iv

# Index of Authorities

**Page(s)**

## Cases

*Bland Indep. Sch. Dist. v. Blue*,
    34 S.W.3d 547 (Tex. 2000)......................................................................5

*Cathey v. Booth*,
    900 S.W.2d 339 (Tex. 1995) (per curiam) ...............................................8, 11

*City of Dallas v. Carbajal*,
    324 S.W.3d 537 (Tex. 2010)..........................................................passim

*City of Houston v. Atkins*,
    No. 14-10-01265-CV, 2011 WL 1744207 (Tex. App.—Houston [14th
    Dist.] May 5, 2011, no pet.) (mem. op.)........................................ 8, 10, 14

*City of Houston v. McGowen*,
    No. 14-13-00415-CV, 2014 WL 2039856 (Tex. App.—Houston [14th
    Dist.] May 15, 2014, no pet.)...................................................... 7

*City of Houston v. Rushing*,
    7 S.W.3d 909 (Tex. App.—Houston [1st Dist.] 1999, no pet.).................. 16

*City of Houston v. Torres*,
    621 S.W.2d 588 (Tex. 1981)...................................................... 6

*City of Waco v. Kirwan*,
    298 S.W.3d 618 (Tex. 2009)...................................................... 5

*Cnty. of Cameron v. Brown*,
    80 S.W.3d 549 (Tex. 2002)...................................................... 5

*Garcia v. Tex. Dep't of Criminal Justice*,
    902 S.W.2d 728 (Tex. App.—Houston [14th Dist.] 1995, no writ) ............. 8

*Gattis v. Duty*,
    349 S.W.3d 193 (Tex. App.—Austin, 2011, no pet.)............................. 12

*Guadalupe Blanco River Auth. v. Schneider*,
    392 S.W.3d 321 (Tex. App.—San Antonio 2012, no pet.)....................... 13

*Hart v. City of Dallas*,
    No. 05-93-00448-CV, 1994 WL 60901 (Tex. App.—Dallas Mar. 2,
    1994, no writ) (unpublished op.)..........................................................8, 12

*Reese v. Tex. State Dep't of Highways & Pub. Transp.*,
    831 S.W.2d 529 (Tex. App.—Tyler 1992, writ denied) ........................7, 10

*State Dep't of Highways v. Dopyera*,
    834 S.W.2d 50 (Tex. 1992), *cert. denied*, 506 U.S. 1014, 113 S. Ct. 636
    (1992) .................................................................................................... 6

*Tex. Dep't of Crim. Justice v. Simons*,
    140 S.W.3d 338 (Tex. 2004) .................................................................... 7

*Tex. Dep't of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217 (Tex. 2004) ............................................................4, 5, 12

*Tex. Nat. Res. Cons. Comm'n v. IT-Davy*,
    74 S.W.3d 849 (Tex. 2002)..................................................................... 11

*Univ. of Tex. Health Sci. Ctr. at Houston v. McQueen*,
    431 S.W.3d 750 (Tex. App.—Houston [14th Dist.] 2014, no pet.).............. 8

*Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*,
    330 S.W.3d 335 (Tex. App. —San Antonio 2010, no pet.)....................... 13

**Constitution and Statutes**

Aviation and Transportation Security Act, Pub. L. No. 107-71, § 101,
    115 Stat. 597-647 (2001).......................................................................... 9

Homeland Security Act of 2002, Pub. L. No. 107-296, § 403, 116 Stat.
    2135-2321 (2002) .................................................................................... 9

Tex. Civ. Prac. & Rem. Code § 101.101 ...............................................5, 6, 7

Tex. Const. art. XI, § 5 ............................................................................... 9

Tex. Gov't Code § 311.034 ......................................................................6, 11

Tex. Loc. Gov't Code §§ 51.071 - .072 ....................................................... 9

## City Charter and Ordinances

City of Houston Charter art. IX, § 11 ............................................................ 6

City of Houston Charter, art. II, §§ 1, 2 ........................................................ 9

City of Houston, Code of Ordinances, § 2-74 ................................................ 2

**Record References**

Citations in this brief to the record are as follows:

CR—clerk's record (i.e., CR [page]).

## Statement of the Case

Nature of the Case: Appellant Arlean Green ("Green") sued the City of Houston ("the City") alleging personal injury pursuant to the Texas Tort Claims Act ("TTCA"). She later added United Airlines, Inc., as a defendant, alleging negligence based on premises liability.

Course of Proceedings and
Dispositions: The City filed a plea to the jurisdiction based on absence of timely notice of the claim. (CR 33-47). The trial court granted the plea, dismissing the City. (CR 325). Thereafter, Green nonsuited United Airlines, Inc., and the trial court entered a final judgment disposing of all claims and all parties.

Trial Court: Honorable Dan Hinde, 269th Judicial District Court of Harris County, Texas

## Statement Regarding Oral Argument

The City does not believe oral argument is necessary to help the Court analyze and decide the case.

## Issue Presented

The trial court properly granted the plea to the jurisdiction because Green did not give the City timely formal or actual notice of her claim, and the absence of timely notice is an incurable jurisdictional defect.

## Statement of Facts

Green sued the City alleging that she tripped and fell at the George Bush International Airport in Houston. (CR 5, 49). The City filed a plea to the jurisdiction based on the lack of timely formal or actual notice of Green's claim. (CR 33-47). The trial court granted the plea. (CR 325). On appeal, this Court must decide whether there is any evidence of timely actual notice.

### A. Green sues and the City files a plea to the jurisdiction because it did not receive timely formal or actual notice of Green's claim.

Green alleges that she tripped and fell in Terminal B near the Transportation Safety Administration ("TSA") checkpoint at George Bush International Airport on May 23, 2012. (CR 5). Green neither alleges, nor produces any evidence to show, that there was ever any City investigation of the incident; that the City received timely formal notice of Green's claim; or that Green timely informed any City employee or City representative of her claim.[1]

As its evidence, the City attached an affidavit from the City Secretary, Anna Russell, averring that, as of July 31, 2014, no notice of Green's claim

---

[1] Green's representation in her brief that she contacted the "Houston TSA" is confusing because it implies that the TSA in Houston is part of the City of Houston. There is no evidence to support this and, as discussed below, it is contrary to law. The City assumes that Green was merely specifying the particular office of the TSA rather than representing to this Court that she actually timely contacted the City.

had ever been received by her office.[2] (CR 34, 47). The City also attached its Charter provision, Article IX Section 11, requiring notice within 90 days of the date an injury was sustained, and asked the court to take judicial notice of the City's Charter and Code provisions. (CR 33, 36, 39).

**B.     Green's response and appellate brief argues the City had actual notice because a TSA employee witnessed the fall and Green contacted the TSA about the incident.**

In her response to the plea and in her appellate brief, Green did not, and does not, argue or point to any evidence that she gave the City timely formal notice of a claim. She argues, instead, that the City had timely actual notice because various TSA employees or TSA agents either witnessed her fall or were contacted in July 2012 about the incident.[3]

The City produced the Aviation and Transportation Security Act and the Homeland Security Act of 2002 as exhibits to establish that the TSA is a federal agency created by the United States Congress and is wholly unrelated to the City. (CR 87-324). Green produced no evidence to support her

---

[2] Any notice of claim for damages under TEX. CIV. PRAC. & REM. CODE § 101.101 or Article IX, § 11 of the City's Charter must be filed with the office of the City Secretary. *See* City of Houston, Code of Ordinances, § 2-74. (CR 40).

[3] The City objected to the unverified emails and fax cover sheet that Green purportedly sent to the TSA. (CR 81-82). They were not timely provided to the City under the terms of the Texas Rules of Civil Procedure. (CR 81). Even if the Court were to consider those as evidence, those documents merely show that Green contacted TSA officials. (*See* CR 74-80, documents solely addressed to or concerning TSA officials or employees).

2

conclusory statement that the TSA is an "agent" of the City. Green also did not point to any evidence supporting the notion that the TSA had any duty to report the incident in question to the City or to investigate on behalf of the City. (CR 68-80).

## Summary of the Argument

The trial court properly granted the City's plea to the jurisdiction because Green failed to give timely notice of her claim to the City as is required by the City Charter. Green does not dispute that she failed to give timely formal notice to the City, or that she failed to timely inform any City employees with a duty to investigate about the alleged incident such that the City could: (1) identify her; (2) know that she was injured; or (3) be subjectively aware of any possible fault. Instead, Green alleges only that she told TSA personnel about the incident and that this knowledge therefore must be imputed to the City. *See* App. Br. at 8. Green is incorrect.

The TSA is a federal agency and is neither a branch of, nor affiliated with, the City. Notice to the TSA is not notice to the City. There is no allegation or evidence to show that Green timely contacted anyone other than TSA personnel in connection with this incident. Green fails to point to any evidence to raise a fact issue, or point to any case to show as a matter of law, that notice to the TSA is notice to the City. Nor has she offered any evidence

3

that any TSA representative whom she contacted notified the City about the incident, investigated on its behalf, or had a duty to do so. Moreover, Green does not mention, nor does she present any evidence to indicate, that any City employee knew about the incident or that she contacted any City employee or official regarding the incident within 90 days as required by the City Charter. The City lacked knowledge that there was an alleged injury, subjective awareness of the City's potential fault, and knowledge of Green's identity.

Lack of notice is an incurable jurisdictional defect. Because Green does not raise a fact issue that she provided either formal or actual notice of her claim to the City within 90 days of sustaining the alleged injury as required by the City's Charter, the trial court lacked jurisdiction. This Court should affirm the dismissal of this case.

## Argument and Authorities

### I.      Standard of Review

The City's plea to the jurisdiction challenged the trial court's subject-matter jurisdiction over the case. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). A plea questioning the trial court's jurisdiction raises a question of law that is reviewed de novo. *See City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010); *Miranda*, 133 S.W.3d at 226. In performing this review, courts consider the pleadings and evidence relevant to

4

the jurisdictional inquiry. *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff has the burden of alleging facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, courts consider relevant evidence when necessary to resolve the jurisdictional issues raised, even where those facts may implicate the merits of the cause of action. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). If that evidence creates a fact issue as to the jurisdictional issue, then it is for the fact-finder to decide. *Id.* In considering this evidence, courts take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* On the other hand, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, as here, the trial court should grant the plea to the jurisdiction as a matter of law. *Id.*

## II. Timely notice of a claim under the TTCA is jurisdictional.

A person pursuing a claim against a governmental unit under the TTCA must give the governmental unit timely and proper notice of the claim. Tex. Civ. Prac. & Rem. Code § 101.101. That notice is jurisdictional. Tex. Gov't

Code § 311.034; *Carbajal*, 324 S.W.3d at 537-38. "Once the plaintiff invokes the procedural devices of the Texas Tort Claims Act, to bring a cause of action against the State, then he also is bound by the limitations and remedies provided in the statute." *State Dep't of Highways v. Dopyera*, 834 S.W.2d 50, 54 (Tex. 1992), *cert. denied*, 506 U.S. 1014, 113 S. Ct. 636 (1992).

Although the statute requires notice within 180 days after the complained-of event, the statute allows cities to shorten the time through their charter provisions. Tex. Civ. Prac. & Rem. Code § 101.101(b). The City, a home-rule municipality,[4] has a charter provision requiring notice within 90 days. *See* City of Houston Charter art. IX, § 11. (CR 32). Courts have approved and applied this charter provision. *See, e.g.*, *City of Houston v. Torres*, 621 S.W.2d 588, 591-92 (Tex. 1981) (enforcing mandatory 90-day notice provision of the City's Charter and denying "good-cause" exception).

## III. The City did not receive timely notice of Green's claim.

### A. Green gave no timely formal notice.

Green acknowledges that she did not give timely formal notice to the City. *See* Appellant's Brief ("App. Br.") at 9. When a claimant fails to provide

---

[4] In accordance with Tex. Loc. Gov't Code § 9.008(b), the City asks this Court to take judicial notice of the provisions of the City's published Charter, and the City's status thereunder as a Texas home-rule city.

a city with timely formal notice of a claim, the TTCA requires that the city have timely actual notice or the suit must be dismissed. Tex. Civ. Prac. & Rem. Code § 101.101(c); *Carbajal*, 324 S.W.3d at 537–38.

## B. The City had no timely actual notice of the incident.

A plaintiff trying to establish that a city had timely actual notice of a claim must prove that the city: a) knew about the incident and an injury or death, b) had a subjective awareness that its fault allegedly caused that injury or death, and c) knew the identity of the parties involved. *Carbajal*, 324 S.W.3d at 538. To have actual notice, the governmental unit must "have knowledge that amounts to the same notice to which it is entitled by section 101.101(a)." *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004).

### 1. Alleged notice to a federal agency is not notice to the City.

Notice to one governmental unit does not impute notice to another governmental unit. *Reese v. Tex. State Dep't of Highways & Pub. Transp.*, 831 S.W.2d 529, 530 (Tex. App.—Tyler 1992, writ denied) (concluding, as a matter of law, that notice to one state department does not impute notice to another department); *see also City of Houston v. McGowen*, No. 14-13-00415-CV, 2014 WL 2039856, at *6 (Tex. App.—Houston [14th Dist.] May 15, 2014, no pet.) (notice to the Transportation Department, without evidence that the

department notified the City, did not impute notice to the City); *City of Houston v. Atkins*, No. 14-10-01265-CV, 2011 WL 1744207, at \*3 (Tex. App.—Houston [14th Dist.] May 5, 2011, no pet.) (mem. op.) (citing and distinguishing cases because "[t]he present case is therefore unlike those in which appellate courts concluded the government agency had actual notice when the **same** government employees had knowledge of the cause of the accident, the nature of the injury, and the identity of the injured party." (emphasis added)).

Not only must actual notice be provided to the correct governmental entity, it also must be received by an agent or representative of that governmental entity who "is charged with a duty to investigate the facts and report them to a person of sufficient authority." *Univ. of Tex. Health Sci. Ctr. at Houston v. McQueen*, 431 S.W.3d 750, 754 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Hart v. City of Dallas*, No. 05-93-00448-CV, 1994 WL 60901, at \*2 (Tex. App.—Dallas Mar. 2, 1994, no writ) (unpublished op.). "The purpose of the TTCA's notice provision is to enable the governmental unit to investigate while the facts are fresh and the conditions are substantially similar in order to guard against unfounded claims, settle claims, and prepare for trial." *McQueen*, 431 S.W.3d at 754 (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Garcia v. Tex. Dep't of Criminal Justice*, 902 S.W.2d 728, 731 (Tex. App.—Houston [14th Dist.] 1995, no writ)).

### 2.  The TSA is a separate and distinct agency from the City.

The TSA is an agency of the United States Government created in the aftermath of the September 11, 2001 terrorist attacks upon our nation. *See* Aviation and Transportation Security Act, Pub. L. No. 107-71, § 101, 115 Stat. 597-647 (2001) (CR 87-137); *see also id.* § 137 (providing funding for aviation security technology designed to prevent terrorist attacks). (CR 127-28). The Aviation and Transportation Security Act, signed into law on November 19, 2001, establishes the TSA and sets out its purpose. *Id.* The United States Congress moved the TSA to the Department of Homeland Security from the Department of Transportation by enacting the Homeland Security Act of 2002. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 403, 116 Stat. 2135-2321 (2002). (CR 138-324, 181). In contrast, the City is a home-rule municipality created under the laws and Constitution of the State of Texas. *See* Tex. Const. art. XI, § 5; *accord* Tex. Loc. Gov't Code §§ 51.071 - .072; City of Houston Charter, art. II, §§ 1, 2.

The legal authorities cited above establish that the TSA, as a federal agency, and the City, as a home-rule municipality, are separate and distinct governmental entities as a matter of law. The TSA's employees, agents, representatives, and contractors are not employees, agents, representatives, or contractors of the City. Green has not cited a single case, statute, charter

9

provision, or ordinance, nor has she pointed to any evidence, to support her bare assertion that notice to the TSA can be imputed to the City. Because there is no indication other than Green's say-so to establish that the TSA is the agent of the City, notice provided to TSA personnel concerning Green's fall and injuries cannot be imputed to the City. *Reese*, 831 S.W.2d at 530; *Atkins*, 2011 WL 1744207, at *3.

For example, in *Reese*, the appellate court rejected the plaintiff's contention that a police report that was filed with the Texas Department of Public Safety imputed actual notice to the Texas State Department of Highways and Public Transportation. *Reese*, 831 S.W.2d at 530. Even though both agencies were state agencies, notice to one state agency was not sufficient to impute actual notice to the other state agency as a matter of law. *Id.*

Here, the chasm between the two governmental entities—one a mammoth federal agency and the other a local municipality—is even more pronounced than the separate state departments in *Reese*. There is no basis for Green's contention that notifying the TSA in some way sufficed as notice to the City.

There are also sound policy reasons to reject the argument that Green advances here. Green would have this Court hold that any time an entity is working on City property, notice to that entity may be imputed to the City for

any alleged injury occurring on the property. *See* App. Br. at 10. This would impermissibly expand the scope of municipal liability and completely eviscerate the purpose of the notice requirement: to allow governmental bodies the opportunity to investigate incidents, and decide whether to settle them, while the facts are fresh. *See Cathey*, 900 S.W.2d at 341. It would negate the requirements that the governmental entity have subjective awareness of fault, knowledge of the identity of the injured, and knowledge of an injury. *Carbajal*, 324 S.W.3d at 538. Further, it would thwart the policy of judicial deference to the Legislature on issues of the scope of waivers of immunity. *Tex. Nat. Res. Cons. Comm'n v. IT-Davy*, 74 S.W.3d 849, 853-54 (Tex. 2002). Finally, expanding the scope of the waiver of immunity to encompass situations where a separate entity's notice may be imputed to the government entity being sued (which received no actual notice) would require clear and unambiguous legislative intent, which is completely absent from the current notice provisions in the TTCA. *See id.* at 853-54; *see also* Tex. Gov't Code § 311.034. The Court should decline Green's invitation to expand the scope of the immunity waiver.

### 3. There is no evidence that the TSA has any duty to report incidents like this one to the City.

Not only has Green failed to raise a fact issue that informing the TSA is the same as informing the City, Green also has failed to produce any evidence

that the TSA reported the incident to the City, investigated on its behalf, or had any duty to do so. This is her burden, not the City's. *See Miranda*, 133 S.W.3d at 228 ("[A]fter the state asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue."). Instead of pointing to evidence or citing authority, Green cursorily asserts that "TSA agents working at the airport have a duty to investigate security concerns and incidents on behalf of the City of Houston, given their operations are contained within City property." App. Br. at 10. Unsupported legal conclusions are insufficient to defeat a plea to the jurisdiction. *Gattis v. Duty*, 349 S.W.3d 193, 200 (Tex. App.—Austin, 2011, no pet.) (citation omitted).

In *Hart v. City of Dallas*, the Dallas Court of Appeals rejected that plaintiff's contention that a city employee witnessing an injury, without more, imputes notice to the city. 1994 WL 60901, at *3-4. The appellate court looked at the employee's job description and concluded that the employee did not have the authority to receive notice of plaintiff's claim because she had no duty to receive or report notice of any kind or to act on that information. *Id.* at *3. Green produces no evidence that any of the TSA personnel she contacted had

any duty to report the incident to the City, and the City has shown that the TSA and the City are separate entities as a matter of law. *See supra*, sec. III.B.2.

Green nonetheless argues that the City "'cannot put on metaphorical blinders and designate only one person in its entire organization through whom actual notice may be imputed' when in fact other representatives have received notice of the claim and have a duty to investigate on behalf of the entity." App. Br. at 9 (quoting *Guadalupe Blanco River Auth. v. Schneider*, 392 S.W.3d 321, 325 (Tex. App.—San Antonio 2012, no pet.), quoting *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, 330 S.W.3d 335, 339 (Tex. App. —San Antonio 2010, no pet.). Green's argument misses the mark: (1) legal authority cited above shows that the TSA is not a part of the City's "organization" such that TSA representatives could be designated as representatives of the City; (2) there is simply no evidence that anyone at the TSA had any duty to notify the City about the incident; and (3) there is no evidence that anyone at the TSA had a duty to investigate on behalf of the City. Green's citation to *Guadalupe* and *Stevens* is unavailing.

**4.** **Green's exhibits do not raise a fact issue on actual notice, and she does not produce any evidence that the City had notice.**

Green asserts that an e-mail sent from Bill Woods to the TSA's Freedom of Information Act e-mail address on July 16, 2012 and a letter sent from Maryellen Brent to Gene Brault, (purportedly "the TSA Manager for the Houston Airport") at an unspecified address on July 18, 2012 constitute actual notice to the City of her claim. (CR 74-80). This assertion is incorrect for the reasons established above, *i.e.*, notice provided to the TSA, its employees, agents, representatives or contractors, concerning Green's fall and injuries cannot be imputed to the City.

Moreover, wholly absent from Green's evidence is any indication that the City had actual notice. *See Atkins*, 2011 WL 1744207, at *1, 3 n.2. (concluding that four documents, including an affidavit by METRO's investigating supervisor and a transcription of an interview with an off-duty City of Houston police officer who witnessed both the accident and the City's remedial measures, did not raise a fact issue on the City's actual notice). Green's evidence would require far more of this Court than it would have taken to "cobble together" the exhibits in *Atkins* to conclude that Atkins had raised a fact issue, which the Court declined to do in that case. *See Atkins*, 2011 WL 1744207, at *3. Green has *no evidence* of *any* City employee or

representative witnessing any aspect of the incident, much less learning Green's identity, or whether she was injured, or what may have caused her alleged fall. Green cannot raise a fact issue on any one of the required elements of actual notice and has not met her burden in response to the City's plea to the jurisdiction.

### 5. Green's communication to the TSA did not give the TSA, much less the City, subjective awareness of potential fault.

Even if the Court could impute notice to the TSA as notice to the City, Green's exhibits, at best, notify the TSA of the date and approximate time of her fall, generally describe where that fall occurred, generally describe some damage to Green's cell phone, describe some paint on Green's pants leg, report no visible injury, and mention some pain in her knee (which did not prohibit her from completing her travels). (CR 74, 80). Green's exhibits wholly fail to provide sufficient information for any governmental unit to form a subjective awareness that its fault produced or contributed to Green's claimed injury.

The requirement that the governmental unit at issue must have actual, subjective awareness of its fault is absolute. *Carbajal*, 324 S.W.3d at 538-39. Green's exhibits, like the police report at issue in *Carbajal*, do not imply, much less expressly state, that the TSA, the City, or any other entity was at fault for

15

her fall and injury. *Id.* As such, even if imputable to the City (it is not), Green's purported communication to the TSA of her fall and injury fails to meet the legal standard established by the Texas Supreme Court for providing actual notice of her claim.

To defeat the City's plea, Green must allege facts that affirmatively demonstrate this Court's jurisdiction to hear this case. *City of Houston v. Rushing*, 7 S.W.3d 909, 913 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Green did not, does not, and cannot meet her burden to affirmatively demonstrate subject-matter jurisdiction over this case. Thus, the trial court lacked subject-matter jurisdiction to consider Green's claims against the City and properly dismissed this case.

## Conclusion and Prayer

For the reasons stated above, the Court should affirm the trial court's decision to sustain the City's plea. The City respectfully asks that the Court: 1) sustain its issues on appeal; 2) affirm the grant of its plea to the jurisdiction; 3) dismiss all of Green's claims against it for want of jurisdiction; 4) grant it costs and expenses on appeal; and 5) grant it any other relief to which it is entitled.

Respectfully submitted,

DAVID M. FELDMAN
City Attorney
JUDITH L. RAMSEY
Chief, General Litigation Section

By:   /s/ *Mary Beth Stevenson*
    Mary E. ("Mary Beth") Stevenson
    Assistant City Attorney
    SBN 24072366
    David L. Red
    Senior Assistant City Attorney
    SBN 16656900
    CITY OF HOUSTON LEGAL
    DEPARTMENT
    900 Bagby Street, 4th Floor
    Houston, Texas 77002
    832.393.6269 (telephone)
    832.393.6259 (facsimile)
    marybeth.stevenson@houstontx.gov
    david.red@houstontx.gov

*Attorneys for Appellee*

## Certificate of Compliance

I certify that the foregoing was prepared in Microsoft Word 2010 Version 14.0 using Calisto MT 14-point font; the word-count function shows that, excluding those sections exempted under TRAP 9.4(i)(1), the brief contains 3,872 words.

    /s/ *Mary Beth Stevenson*
Mary E. ("Mary Beth") Stevenson

## Certificate of Service

I hereby certify that on this the 9th day of January, 2015, a true and correct copy of the foregoing has been served on the parties below via certified mail and/or e-service.

George Farah
Sarah C. Dionne
Guerra & Farah, PLLC
4101 Washington Ave., 3rd Floor
Houston, Texas 77007

*Attorneys for Appellant*

/s/ *Mary Beth Stevenson*
Mary E. ("Mary Beth") Stevenson
