Opinion issued April 30, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00808-CV

————————————

**ARLEAN GREEN, Appellant**

**V.**

**CITY OF HOUSTON, Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-13489**

---

## MEMORANDUM OPINION

This case arises from a trip and fall accident at an airport. Arlean Green sues the City of Houston, claiming that the City's negligence caused her knee injury. The City filed a plea to the jurisdiction and moved to dismiss the case,

responding that Green had not met her burden to show that the City had received timely notice of her claim. The trial court granted the City's plea. On appeal, Green contends that the City received actual notice of her claim through its agent, the Transportation Security Administration (TSA). Finding no error, we affirm.

## Background

Green alleges that she tripped over an exposed metal strip and fell at the George Bush Intercontinental Airport in May 2012. She injured her knee and received medical treatment. Green spoke with a TSA agent immediately after she fell. In July 2012, Green also notified the TSA that she had slipped on a steel strip and fallen in the airport. In a Freedom of Information Act (FOIA) request, Green requested that the TSA produce any statements submitted by TSA employees about the incident. Her traveling companion, who witnessed Green's fall, wrote a letter to the TSA manager of the airport, stating that Green had tripped on a steel strip in the airport, injuring her knee. Green does not claim that she communicated with any City of Houston employees within 90 days of the incident.

Green sued the City and United Airlines, Inc. The trial court granted the City's plea to the jurisdiction and dismissed the suit against the City. Green then moved for non-suit of her claim against United Airlines.

2

**Discussion**

*Standard of Review and Applicable Law*

Governmental immunity from suit defeats a trial court's subject matter jurisdiction; thus, a city may raise immunity from suit in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction presents a question of law. *Id.* at 226. In reviewing a trial court's jurisdictional ruling, we construe the pleadings in the plaintiff's favor. *Id.*

The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity. *Id.* at 224 (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109). A plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We consider only the plaintiff's pleadings and evidence relevant to the jurisdictional inquiry. *Id.* (citing *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)).

*Notice*

Green bears the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction, including notice. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Whitley*, 104 S.W.3d at 542. The Texas Government Code provides,

3

"Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. Relevant to this appeal, the City of Houston requires notice of a personal injury claim within 90 days of the injury. CITY OF HOUSTON CHARTER art. IX, § 11; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(b) ("A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.").

In addition to formal notice of the injury and claim, a claimant may rely on actual notice to meet this jurisdictional requirement "if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c). Actual notice "requires knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Tex. Dep't of Crim. Justice v. Simons,* 140 S.W.3d 338, 344 (Tex. 2004) (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam)). Actual notice is a fact question when the evidence is disputed, but can be determined as a matter of law if no disputed fact issue exists. *Simons*, 140 S.W.3d at 348; *Harris Cnty. v. Luna–Prudencio*, 294 S.W.3d 690, 697 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Actual notice requires more than knowledge of

4

the accident or injury; in addition, a governmental unit must have subjective awareness that its fault produced or contributed to the claimed injury. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia ex rel. Vasquez–Arancibia*, 324 S.W.3d 544, 548–49 (Tex. 2010).

When an agent or representative of a governmental unit receives notice of an incident and has a duty to gather facts and report it, actual notice may be imputed to the governmental unit. *Guadalupe Blanco River Auth. v. Schneider*, 392 S.W.3d 321, 325 (Tex. App.—San Antonio 2012, no pet.) (citing *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, 330 S.W.3d 335, 339 (Tex. App.—San Antonio 2010, no pet.)); *see Dinh v. Harris Cnty. Hosp. Dist.*, 896 S.W.2d 248, 253 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.) ("Actual notice . . . may be imputed to the government by an agent or representative who has a duty to gather facts and investigate.").

*Analysis*

Green concedes that she did not directly notify the City of her claim under section 101.101(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). She instead contends that the City had actual notice of her fall within 90 days of the incident because she promptly notified TSA agents on duty and followed up with the TSA in email exchanges. She further contends that the TSA employees on duty in the airport were the agents or representatives of the City. The City

responds that notice to a federal governmental unit cannot be imputed to it, and proffered evidence that the TSA is not an agency of the City.

We agree with the City's position and with the trial court. Absent evidence of an affiliation, notice to one governmental unit does not impute notice to another. *City of Houston v. McGowen*, No. 14-13-00415-CV, 2014 WL 2039856, at *6 (Tex. App.—Houston [14th Dist.] May 15, 2014, no pet.) (mem. op.) (holding that notice to Texas Department of Transportation not imputed to City of Houston); *Reese v. Tex. State Dep't of Hwys. & Pub. Transp.*, 831 S.W.2d 529, 530 (Tex. App.—Tyler 1992, writ denied) (holding that notice to Texas Department of Public Safety not imputed to Texas State Department of Highways and Public Transportation). Because Green did not adduce evidence in response to the plea that the TSA is an agent or representative of the City, she did not demonstrate actual notice that can be imputed to the City. *See Arancibia*, 324 S.W.3d at 548–49; *Simons,* 140 S.W.3d at 344, 348; *Whitley*, 104 S.W.3d at 542; *Schneider*, 392 S.W.3d at 325. Accordingly, the trial court properly granted the plea.

## Conclusion

We hold that Green did not adduce evidence that the City was notified of her claim under the TTCA and thus failed to meet the jurisdictional prerequisite for a waiver of governmental immunity.  We therefore affirm the trial court's dismissal order.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.