

**NUMBER 13-16-00043-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**ZZ&Z PROPERTIES, LTD,** Appellant,

**v.**

**SUNG JOON JANG AND SUNMI A. JANG,** Appellees.

**On appeal from the 414th District Court
of McLennan County, Texas.**

# MEMORANDUM OPINION[1]

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant, ZZ&Z Properties, Ltd. ("ZZ&Z"), appeals from the trial court's summary judgment in favor of appellees, Sung Joon Jang and Sunmi A. Jang (collectively the "Jangs"). By one issue, ZZ&Z contends that the trial court erred by granting the Jangs'

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

motion for summary judgment and denying appellant's motion for summary judgment on appellant's wrongful execution claim because ZZ&Z established that, as an unnamed party, it was not subject to execution of the judgment as a matter of law. We affirm.

## I. BACKGROUND

Saddle Brook West Apartments (the "Complex") sued the Jangs for damages to an apartment they rented in 2008. The Jangs countersued the Complex for attorney's fees, and the Jangs prevailed in a jury trial. The Complex appealed to the county court of law, and a jury found that the Complex was estopped by its conduct from enforcing the lease. A final judgment was entered in favor of the Jangs. The Complex appealed to the Waco court of appeals, and it affirmed the judgment. *Saddle Brook West Apartments v. Sung Joon Jang and Summi A. Jang*, 2013 WL 3927756, at *4 (Tex. App.—Waco 2013, no pet.).

Following issuance of the court of appeals' mandate, the Jangs filed an abstract of judgment with the county clerk and requested a writ of execution to collect on the judgment of $80,000. The Jangs, however, named ZZ&Z as the judgment debtor and not the Complex. After ZZ&Z complained, a second writ was issued naming the Complex as the judgment debtor. The Constable posted two notices to sell the Complex, which is real estate owned by ZZ&Z. The sale was not executed because ZZ&Z tendered the funds to satisfy the judgment in the amount of $80,000. The Constable applied the funds and issued a refund to ZZ&Z in the amount of $255.06. The Jangs disputed the refunded amount claiming that ZZ&Z still owed $272.33 under the judgment for per diem interest. The Jangs also claimed that ZZ&Z owed additional funds for attorney's fees and costs.

ZZ&Z filed suit in the district court to remove the lien on the property that the Jangs refused to lift due to their claim of additional per diem interest, attorney's fees, and costs. ZZ&Z further sued the Jangs, in pertinent part, for wrongful execution. The Jangs counterclaimed for declaratory judgment that ZZ&Z was liable for amounts due and owing under the judgment and for attorney's fees.

Both sides filed cross motions for summary judgment. The trial court granted ZZ&Z's motion for summary judgment in part and denied it in part. The trial court found that the judgment had been satisfied and that the Jangs would have to lift the lien on ZZ&Z's property. The trial court denied ZZ&Z's claim for wrongful execution. The trial court partially granted the Jangs' motion for summary judgment, ordering that ZZ&Z take nothing on its wrongful execution claim. The trial court denied the Jangs' motion for summary judgment seeking additional relief under the judgment. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). If the movant's motion and summary judgment proof facially establish a right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). A defendant seeking a traditional motion for summary judgment must either conclusively disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).

We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). When both sides move for summary judgment and one is granted and the other denied, we determine all questions presented and render the judgment the trial court should have rendered. *Lubbock Cty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 583 (Tex. 2002).

### III. DISCUSSION

By its sole issue, ZZ&Z contends that the trial court erred by granting the Jangs' motion for summary judgment and denying its motion for summary judgment on ZZ&Z's wrongful execution claim. ZZ&Z argues that it established as a matter of law that, as an unnamed party in the underlying suit, it was not subject to execution of the judgment as a matter of law. Specifically, ZZ&Z asserts that the Jangs acquired a judgment against the Complex, not ZZ&Z, and that if the Jangs wanted to substitute ZZ&Z as the proper defendant, they were required under Rule 28 of the Texas Rules of Civil Procedure to have done so in the underlying suit. *See* TEX. R. CIV. P. 28. Thus, according to ZZ&Z, it is entitled to summary judgment on its wrongful execution claim.

Here, the Jangs' motion for summary judgment argued in part that ZZ&Z was either estopped from arguing or waived its argument that the Jangs failed to substitute it in the underlying suit because ZZ&Z misrepresented in pleadings and during discovery in the underlying suit that the Complex was the proper party and the correct legal name of the party. The Jangs provided evidence to the trial court that ZZ&Z and the Complex constitute the same legal entity and that, in the underlying suit, the Jangs were misled into believing that the Complex was the correct legal title of the entity.

4

The trial court's judgment does not specify the reason for granting the Jangs' motion for summary judgment and for denying ZZ&Z's motion for summary judgment on ZZ&Z's claim for wrongful execution. It may well be that the trial court ruled in favor of the Jangs on their defenses of waiver and estoppel. However, ZZ&Z does not argue on appeal that the trial court erred in ruling in favor of the Jangs due to either estoppel or waiver.[2] "If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied); *see also John H. Carney & Assocs. v. Rosellini*, No. 13-13-00368-CV, 2015 WL 328211, at *5 (Tex. App.—Corpus Christi Jan. 22, 2015, no pet.) (mem. op.). Therefore, because ZZ&Z has not challenged the trial court's summary judgment on all possible grounds, we must affirm the summary judgment on those unchallenged grounds. *See Jarvis*, 298 S.W.3d at 313.

### IV. CONCLUSION

We affirm the trial court's judgment.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
4th day of January, 2018.

---

[2] We note that in reply to the Jangs' brief, ZZ&Z claims that the Jangs' affirmative defenses of estoppel and waiver are inapplicable. However, "[t]he Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by the appellant's original brief." *Dallas Cty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied). Thus, the argument comes too late, and we need not address it. *See id.*; *Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied) (declining to address the merits of the appellants' argument first made in a reply brief on the basis that "[a] reply brief is not intended to allow an appellant to raise new issues").