**REVERSE, RENDER, and DISMISS; Opinion Filed August 21, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01320-CV

## THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, Appellant
## V.
## MARIA ALCANTAR, Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-04210-A**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

This is an interlocutory appeal by the University of Texas Southwestern Medical Center (UTSW) from the trial court's order denying its plea to the jurisdiction. UTSW raises two issues in this Court, arguing that (1) appellee Maria Alcantar failed to establish that any UTSW employee had actual notice of her claim and (2) Alcantar did not establish that information known to her doctors or contained in her medical records could be imputed to UTSW. Because we conclude that UTSW lacked actual notice of Alcantar's claim, we reverse the trial court's order and render judgment dismissing Alcantar's claim for want of jurisdiction.

### Background

Stephanie Chang, M.D., an employee of UTSW, performed Alcantar's hysterectomy at Parkland Hospital on August 4, 2015. Alcantar was discharged three days later, but—while at

home—she called UTSW to report a foul-smelling vaginal discharge. She was told this was normal. Ten days after the surgery she was admitted to Parkland's emergency room. She was subsequently diagnosed with a rectovaginal fistula, an abnormal passage that formed between her digestive and genital tracts. For the following three months, Alcantar remained under the care of UTSW personnel. The fistula did not heal naturally, and throughout that time it caused drainage of stool through her vagina. On November 5, Joselin Anandam, M.D., another UTSW employee, performed surgery to repair the fistula. The repair surgery left Alcantar with a drainage tube that was removed in a third procedure on January 14, 2016.

In October of that year, counsel for Alcantar sent Dr. Chang a letter alleging that Alcantar's injuries were caused by Dr. Chang's cutting into Alcantar's rectum during the hysterectomy. The following August, Alcantar sued UTSW, alleging negligence by Dr. Chang that was attributable to UTSW by the doctrine of respondeat superior. UTSW filed a plea to the jurisdiction, arguing that Alcantar's failure to give it notice of her claims as required by the Texas Tort Claims Act (the Act) left the trial court without jurisdiction to hear those claims. Alcantar responded that UTSW had actual notice of her injuries. The trial court denied the plea.

UTSW appeals.

**Discussion**

The parties agree that UTSW is a governmental entity that generally enjoys immunity from suits seeking to impose tort liability. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 546 (Tex. 2010). Absent a waiver of immunity, a trial court lacks subject matter jurisdiction over such a suit. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018). The Act provides a waiver of a governmental entity's immunity when notice of a claim against it is provided as the Act prescribes. *Id.* The notice must be given within six months from the day the incident giving rise to the claim occurred, and it must reasonably describe (1) the

damage or injury claimed, (2) the time and place of the incident, and (3) the incident. TEX. CIV. PRAC. & REM. CODE § 101.101(a).

These notice requirements do not apply if the governmental entity has actual notice. *Id.* § 101.101(c); *Tenorio*, 543 S.W.3d at 776. A governmental entity has actual notice under the Act "if it has subjective knowledge of (1) a death, injury, or property damage; (2) the governmental unit's fault that produced or contributed to the death, injury, or property damage; and (3) the identity of the parties involved." *Tenorio*, 543 S.W.3d at 776 (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995)). The second of these three requirements is most often at issue, as it is in this case. The settled test for that requirement asks whether the governmental entity "has subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries." *Id.*[1]

The provision of notice is a jurisdictional requirement to bringing suit against a governmental entity. TEX. GOV'T CODE § 311.034. When the relevant facts are undisputed, as they are here, the trial court's subject matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Alcantar acknowledges that she failed to give the written notice contemplated by section 101.101(a) within six months as the statute requires. She argues, however, that UTSW had actual notice of her claim. She relies in the first instance upon her medical records. Those records indicate that no fistula existed before her hysterectomy and that just three days after she left the hospital she called to report the discharge. She suffered no trauma or medical emergency in the intervening time. She was admitted to the emergency room ten days later, and she was subsequently diagnosed with the fistula and underwent a surgery to reverse it. In all, the records reflect that she was treated

---

[1] This test was first formulated in *Cathey*. In the last sixteen months, the Texas Supreme Court has twice refused to overrule *Cathey* in favor of a less demanding test for actual notice. *See Worsdale v. City of Killeen, Tex.*, No. 18-0329, 2019 WL 2479177, at \*15 (Tex. June 14, 2019); *Tenorio*, 543 S.W.3d at 780.

by UTSW for approximately seven months. During that time, UTSW personnel were the only health care providers who treated her. Thus, she argues, these medical records provided direct and conclusive evidence that UTSW is the sole entity who could bear blame for the fistula.

Alcantar stresses the expertise of the doctors who oversaw her care throughout those months. Dr. Chang was an obstetrics and gynecology professor at UTSW. Dr. Anandam was a professor at UTSW in the Department of Surgery and the chief of Colon and Rectal Surgery at Parkland. Given these levels of expertise, Alcantar contends, the doctors' treatment of her would necessarily inform them that the initial surgery must have been the cause of the fistula.

In addition, Alcantar looks specifically to Dr. Anandam's deposition testimony, arguing that it "shows conclusively that the only way Mrs. Alcantar could have developed the fistula was from Dr. Chang's negligent use of a sharp instrument during her surgery." Dr. Anandam stated that "I just know that before the hysterectomy, she did not have a fistula, and after the hysterectomy, she had a fistula." She acknowledged that in her entire career, the only rectovaginal fistula that she had seen as a result of a hysterectomy was Alcantar's. When asked, Dr. Anandam rejected Alcantar's own conduct, cancer, inflammatory bowel disease, and radiation as causes of the fistula in this case. She testified that the fistula could have been caused by a foreign body, such as a suture, or by something that occurred during the surgery, including actually cutting into the rectum, as Alcantar alleges.

In support of its plea, UTSW asserts that neither Alcantar's medical records nor her doctors' expertise or testimony establishes that this kind of cut into the rectum was actually made during the hysterectomy. Instead, the records indicate that Dr. Chang checked for cuts before completing the hysterectomy. UTSW argues further that the medical records in this case offer no evidence of its fault, let alone subjective knowledge of such fault. It stresses that while

Dr. Anandam spoke to a number of possible causes of a fistula, in the end she testified that she did not know what caused it in this case.

We agree with UTSW that Alcantar's medical records are insufficient to establish that an injury occurred as she alleges, i.e., because of a cut to the rectum. Nor do the records speak to UTSW's fault in causing the fistula. Medical records can create a fact issue on actual notice only when they indicate to the hospital that it bears possible responsibility for causing the patient's injury. *Univ. of N. Tex. Health Sci. Ctr. v. Jimenez*, No. 02-160-0368-CV, 2017 WL 3298396, at *4 (Tex. App.—Fort Worth Aug. 3, 2017, pet. denied) (mem. op.).

As to Alcantar's reliance upon her doctors' expertise, her argument is really that they should have known what caused her injury. But "it is not enough that a governmental unit should have investigated an incident as a prudent person would have." *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347–48 (Tex. 2004). Actual notice requires more than the mere fact of a bad result. *Univ. of Tex. Health Sci. Ctr. at Houston v. McQueen*, 431 S.W.3d 750, 761 (Tex. App.—Houston [14th Dist.] 2014, no pet.). It was Alcantar's burden to show that at least one of these doctors knew the cause of her injury and knew that UTSW was responsible. But Dr. Chang told Alcantar when the fistula was discovered that she did not know how it happened. And while Dr. Anandam addressed various possible causes for a rectovaginal fistula, she identified a number of non-negligent causes as possibilities; those possibilities have not been ruled out. Finally, both doctors testified that they did not know what caused the fistula. "The issue is not whether the [defendant] *should have* made the connection between injury and responsibility as alleged, but whether the [defendant] made the connection or had knowledge that the connection had been made." *Worsdale*, 2019 WL 2479177, at *7. No such connection is evidenced in this record.

During oral argument, Alcantar's counsel questioned how a hospital's continuous treatment of a patient—before, during, and after an injury—would not constitute actual notice. Our

inquiry is not whether the cumulative evidence ties Alcantar's injury to the hysterectomy. It is undisputed that UTSW knew of her injury. But knowledge of Alcantar's injury is not the same as knowledge that a UTSW employee tortiously caused it. *See Tenorio*, 543 S.W.3d at 776. ("Knowledge that a death, injury, or property damage has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for [the Act's] purposes.").

We conclude that Alcantar is unable to establish that UTSW, through any of its employees, was subjectively aware that its fault—as Alcantar alleged that fault—contributed to her injuries. Accordingly, we must conclude that UTSW lacked actual notice of Alcantar's claim and that the trial court should have granted the plea to the jurisdiction. We sustain UTSW's first issue.[2]

We reverse the trial court's denial of UTSW's plea to the jurisdiction and render judgment dismissing Alcantar's claims for want of jurisdiction.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Partida-Kipness, J. dissenting.

181320F.P05

---

[2] Given this resolution, we need not address UTSW's second issue.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE UNIVERSITY OF TEXAS
SOUTHWESTERN MEDICAL CENTER,
Appellant

No. 05-18-01320-CV     V.

MARIA ALCANTAR, Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-17-04210-A.
Opinion delivered by Justice Pedersen, III.
Justices Whitehill and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** and judgment is **RENDERED** that:

Appellee MARIA ALCANTAR's claims are **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellant THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER recover its costs of this appeal from appellee MARIA ALCANTAR.

Judgment entered this 21st day of August, 2019.