**Dissenting Opinion Filed August 21, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01320-CV

## THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, Appellant
### V.
## MARIA ALCANTAR, Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-04210-A**

## DISSENTING OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Dissenting Opinion by Justice Partida-Kipness

Based on the record before us, I conclude Maria Alcantar presented sufficient evidence to raise a material fact issue as to whether appellant had actual notice of her claims under section 101.101(c) of the Texas Tort Claims Act. I would therefore affirm the trial court's denial of appellant's plea to the jurisdiction. Because the majority does not, I dissent.

With respect to the issue of notice, the Act generally provides as follows:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

> (1) the damage or injury claimed;
>
> (2) the time and place of the incident; and
>
> (3) the incident.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). However, relevant to this appeal, the Act further provides:

> (c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

*Id*. §101.101(c).

It is undisputed that Alcantar did not provide timely formal notice of her claims pursuant to subsection (a). Thus, the question before us is whether appellant has actual notice under subsection (c).

The Texas Supreme Court recently addressed the requirements of subsection (c) in *City of San Antonio v. Tenorio*, 543 S.W.3d 772 (Tex. 2018). Concluding that the governmental unit must have the same knowledge under subsection (c) as it is entitled to receive under subsection (a), the supreme court held subsection (c) "requires that a governmental unit has subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries." *Id*. at 776. Recognizing this Court is constrained by the holding in *Tenorio*, I agree with the dissents in that case stating the supreme court's construction of the Act's actual notice exception in *Tenorio,* and earlier in *Cathey v. Booth*, 900 S.W.2d 339 (Tex. 1995) (per curiam), actually hinders, rather than effectuates, the legislature's intent as revealed in the plain language of the statute. *Tenorio*, 543 S.W.3d at 781 (Guzman, J., dissenting) ("By construing the actual-notice exception to require self-acknowledgement of error, the Court erects an undue impediment to a merits-based disposition that is neither grounded in the statute's language nor consistent with the rationale that informs our precedent."); *see also Tenorio*, 543 S.W.3d at 788 (Boyd, J., dissenting) ("[S]ubsection (c) contains no language that could reasonably be construed as requiring the governmental unit to have actual notice of its 'alleged fault' in producing or contributing to the loss."). Consequently, all that is required under the statutory language of subsection (c) is that

–2–

appellant have actual notice of the injuries on which Alcantar's claims are based. *See id.* at 789 (Boyd, J., dissenting).

Even though I disagree with the *Tenorio* majority's reading of the statute, applying it to the facts of this case nevertheless mandates that we affirm the trial court's denial of appellant's plea. Under *Tenorio*, for a governmental unit to have actual notice of Alcantar's claim under subsection (c) of the Act, it must have subjective awareness that its fault, as asserted by Alcantar, produced or contributed to the claimed injuries. *Tenorio*, 543 S.W.3d at 776. But fault is not synonymous with liability; it implies responsibility for the injury claimed. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 550 (Tex. 2010). Here, Alcantar's medical records and testimony from her treating doctor who was appellant's employee, are sufficient to create a fact issue as to whether appellant had subjective knowledge of its alleged responsibility for the injury suffered by Alcantar. Specifically, the medical records reveal that Alcantar had a hysterectomy performed by a surgeon employed by appellant and was re-admitted to the hospital ten days after that surgery exhibiting post-operative complications involving a rectovaginal fistula. Appellant's doctors then treated her exclusively for these complications and a subsequent surgery was performed by another of appellant's surgeons to correct the complication.

Moreover, the deposition testimony of the government doctor who performed the repair surgery admitted that (1) Alcantar did not have the condition before her hysterectomy, (2) the condition developed after the hysterectomy, (3) nothing Alcantar did caused the condition, and (4) Alcantar's rectovaginal fistula, which developed following the hysterectomy, was the only time the doctor ever saw this condition. The doctor also eliminated some of the most common causes for Alcantar's rectovaginal fistula, including cancer, inflammation bowel disease, and radiation. She further indicated that the condition could be caused by a foreign body, like a suture during a procedure, or by a thermal injury, traction injury, or by cutting or sewing into the rectum. This

information, along with Alcantar's medical records, is sufficient to create a fact issue as to whether appellant had actual notice of its responsibility for Alcantar's injury. Because the majority reaches the opposite conclusion, I respectfully dissent.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181320DF.P05