# IN THE SUPREME COURT OF TEXAS

═══════════════
No. 18-1221
═══════════════

LUIS FERNANDO MARTINEZ REYES, PETITIONER,

v.

JEFFERSON COUNTY, TEXAS, RESPONDENT

═══════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE NINTH DISTRICT OF TEXAS
═══════════════════════════════════════════

**PER CURIAM**

This interlocutory appeal involves application of the Texas Tort Claims Act's notice requirement. *See* TEX. CIV. PRAC. & REM. CODE § 101.101 (requiring either formal or actual notice within six months of an occurrence). In a suit arising from an automobile accident, the governmental entity filed a jurisdictional plea based on grounds other than compliance with the Tort Claims Act's notice provision. The trial court denied the plea on the specific grounds presented, but on interlocutory appeal, the court of appeals reversed and dismissed the suit with prejudice for lack of statutory notice. In an opinion that predates *Worsdale v. City of Killeen*, 578 S.W.3d 57 (Tex. 2019), the court erroneously held the plaintiff failed to provide the notice section 101.101 requires to invoke the Tort Claims Act's sovereign-immunity waiver. Because the governmental entity had actual notice of the plaintiff's claim as a matter of law, we reverse and remand to the court of appeals to consider the governmental entity's unaddressed issues.

Luis Fernando Martinez Reyes sued Jefferson County, Texas (the County) under the Texas Tort Claims Act (TTCA) for injuries he allegedly sustained when a County police officer, driving a County-owned vehicle in the course and scope of employment, collided with Reyes's automobile. Within six weeks of the accident, Reyes's attorney contacted the County to file a claim. The County instructed Reyes's attorney to direct all claims to the County's authorized third-party administrator, Tristar Risk Management, which he did. Reyes's letter to Tristar (1) notified the County of Reyes's negligence claim; (2) identified the date of the accident, described it as a "crash," and named the County employee involved; (3) requested the crash reports and copies of statements Reyes had made; and (4) expressed interest in "a quick and amicable resolution of this claim."

Three weeks later, Tristar informed Reyes's counsel it had received Reyes's letter. The following week, Tristar denied Reyes's claim. Tristar's denial letter explained, "Our investigation failed to find any negligent conduct on the part of the County or its employees which proximately caused your client's damages." Reyes responded by suing the County for damages under the TTCA.

The County's answer generally asserted all of the TTCA's "limitations," including noncompliance with section 101.101. But the County's plea to the jurisdiction sought dismissal only on non-TTCA grounds, including noncompliance with a presentment requirement in section 89.004 of the Local Government Code. *See* TEX. LOC. GOV'T CODE § 89.004(a) (presentment of a claim to the commissioners' court is a prerequisite to suit against a county). Reyes opposed the jurisdictional plea on the basis that he either substantially complied with section 89.004 or the County waived the presentment requirement. Reyes also argued TTCA notice is the exclusive notice

2

requirement for claims brought under the TTCA and that, at minimum, his communications with the County and its designated claims investigator conferred actual notice for section 101.101 purposes.

At the hearing on the County's jurisdictional plea, the County relied only on its section 89.004 presentment argument. The jurisdictional dispute centered on (1) whether section 89.004 is a jurisdictional requirement and (2) whether section 101.101 of the TTCA is the exclusive notice provision, which if true, would render Reyes's alleged noncompliance with section 89.004 immaterial. The trial court asked the County if it had challenged Reyes's compliance with section 101.101. The County admitted it had not but nonetheless argued that Reyes's notice letter did not constitute formal notice. The County stated that lack of TTCA notice would "likely be addressed, if need be, in later motions."

The trial court denied the County's plea on the basis that section 89.004's presentment requirement is not jurisdictional. The court expressly declined to consider whether Reyes complied with the TTCA's notice requirement because the County failed to raise the issue in the jurisdictional plea.

On interlocutory appeal, the County's jurisdictional argument was similarly limited to challenging Reyes's compliance with section 89.004's presentment requirement. The court of appeals did not consider that argument. Instead, the court addressed Reyes's compliance with TTCA section 101.101 on the basis that courts have an obligation to make an independent inquiry into subject-matter jurisdiction. ___ S.W.3d ___, ___ (Tex. App.—Beaumont 2018). The court held Reyes did not comply with the formal-notice requirement in section 101.101(a) because his letter to Tristar "failed to provide a place of the incident and failed to 'reasonably describe' the incident."

3

*Id.* at ___. The court also concluded the County lacked actual notice within the meaning of section 101.101(c) because the County's investigation failed to uncover any negligent conduct, so it had no knowledge "'that it might have been at fault.'" *Id.* at ___ (quoting *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347-48 (Tex. 2004) (actual notice requires the governmental entity's "subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury"). The court therefore reversed the trial court's order denying the plea and dismissed Reyes's claims with prejudice. *Id.* at ___.

In this Court, Reyes argues (1) TTCA notice is the exclusive notice requirement for a suit brought under the TTCA; (2) Reyes's letter, coupled with Tristar's investigation and denial of the claim, constitutes sufficient evidence of actual notice under the TTCA; and (3) if the record evidence was insufficient to prove actual notice, the court of appeals erred in raising the notice issue sua sponte and rendering judgment on interlocutory appeal without affording Reyes an opportunity to offer additional evidence on the unpresented issue. The County argues Reyes's letter to Tristar was insufficient notice under section 101.101 and, by cross-point, raises section 89.004 noncompliance as an additional jurisdictional bar to Reyes's suit.

To secure the TTCA's limited waiver of governmental immunity, claimants must timely provide "notice of a claim" to the governmental unit. TEX. CIV. PRAC. & REM. CODE §§ 101.025, .101; *see Worsdale*, 578 S.W.3d at 59. Section 101.101 requires "notice of a claim" to include specific information, unless the governmental unit has "actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." TEX. CIV. PRAC. & REM. CODE § 101.101(a), (c). Prompt notice allows "governmental units to expeditiously

4

undertake remedial measures that may be required to protect the public" and "advances fundamental immunity underpinnings by allowing governmental units an opportunity to defend against tort claims and allocate resources to resolve potentially meritorious claims." *Worsdale*, 578 S.W.3d at 59. Notice is a prerequisite to subject-matter jurisdiction under the TTCA, and as such, presents a question of law we review de novo. *Id.* at 66.

Formal notice is sufficient if it "reasonably describe[s]: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." TEX. CIV. PRAC. & REM. CODE § 101.101(a). We need not decide whether Reyes's written letter to Tristar is sufficient to constitute formal notice, because the actual-notice exception is satisfied as a matter of law. In *Cathey v. Booth*, we held that actual notice exists only when the governmental unit has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." 900 S.W.2d 339, 341 (Tex. 1995). Relying on the flawed assumption that confession of fault or actual liability are required to constitute subjective awareness for section 101.101(c) actual-notice purposes, the court of appeals held the County lacked the subjective awareness necessary to constitute actual notice because Tristar's investigation failed to confirm the County's liability for negligence. But as we recently clarified in *Worsdale v. City of Killeen*, "[a]ctual notice means the governmental unit is subjectively aware that it may be responsible for death, injury, or property damage in the manner ultimately alleged by the claimant." 578 S.W.3d at 77.

In *Worsdale*, Scott Worsdale and Heike King died after their vehicle collided with a large dirt mound spanning the width of a road located within the City of Killeen. *Id.* at 60. Mere days

5

after the accident, city officials investigated the accident to determine whether it was responsible for maintaining the road, removed the dirt pile, and installed road-closure barricades. *Id.* The city's alleged responsibility for maintaining the road was the basis of the plaintiffs' wrongful-death claims, and the evidence established the city's subjective awareness of its responsibility in precisely the manner ultimately alleged. *Id.* at 66 ("The issue is not whether the City *should have* made the connection between injury and responsibility as alleged, but whether the City made the connection or had knowledge that the connection had been made." (emphasis in original)).

Here, the County and its authorized claims administrator knew about Reyes's allegations that a specifically identified county employee had injured him in an automobile accident. Reyes's communications with Tristar coupled with its acknowledgment, investigation, and denial of his claim establish the County's subjective awareness that Reyes was claiming the County was at fault in the manner ultimately alleged in this lawsuit. The actual-notice standard does not require proof that the County *believed* it was liable. *See id.* at 66-67. Because the undisputed evidence in the record establishes actual notice, dismissal of Reyes's lawsuit was improper on the basis of noncompliance with section 101.101. *See id.* at 66 (observing actual notice can be determined as a matter of law even when relying only on circumstantial evidence).

The court of appeals declined to consider the merits of the section 89.004 presentment issue on the basis that "failure to provide notice under section 101.101 of the TTCA is determinative to the outcome of this appeal, and an analysis of section 89.004 would not afford the County any greater relief." ___ S.W.3d at ___. The court's conclusion that Reyes failed to satisfy section 101.101's notice requirement was erroneous. Accordingly, without hearing oral argument, we

6

reverse the court of appeals' judgment and remand the cause to that court to consider the unaddressed section 89.004 presentment issue.  *See* TEX. R. APP. P. 59.1.


**OPINION DELIVERED:**  April 17, 2020